**In re David L. BRICKLEY and Nikki I. Brickley, Debtors.**

**David L. BRICKLEY, Plaintiff/Appellant,**

**v.**

**UNITED STATES of America, INTERNAL REVENUE SERVICE, Defendant/Appellee.**

**Bankruptcy No. 85–03373.
Adv. No. A84–0742.**

**United States Bankruptcy Appellate Panels of the Ninth Circuit.**

Argued and Submitted Sept. 26, 1986.

Decided Dec. 17, 1986.

Alan K. Foe, Mullavey, Prout, Grenley, Sonkin & Foe, Seattle, Wash., for plaintiff/appellant.

Michael D. Powell, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant/appellee.

Before MEYERS, ELLIOTT and ASHLAND, Bankruptcy Judges.

PER CURIAM:

## I

The Debtors appeal from a ruling that their liability for 1979 and 1980 income taxes is not discharged.

Paraphrasing 11 U.S.C. § 523(a)(1)(A), a debtor who has filed non-fraudulent tax returns may discharge tax liabilities except for amounts due within three years prior to the date of filing. In this case the Debtors were in a Chapter 13 case for almost three years before dismissing the Chapter 13 and subsequently filing a Chapter 7 case.

The issue is whether the time the government's collection efforts were stayed by reason of the pending Chapter 13 case should be taken into account in calculating the reachback of 11 U.S.C. § 523(a)(1)(A). We hold that the time the government is stayed should be disregarded and AFFIRM.

## II

### FACTS

The Debtors originally filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code ("Code") in November of 1981. From May 1982 until April 1984, the Internal Revenue Service ("IRS") filed its proofs of claim and amendments thereto for the tax years 1979 and 1980.

The Debtors were unable to make all the payments required under their Chapter 13 plan. They filed a "Motion for Termination of Chapter 13 Proceedings" on August 9, 1984, based on their assertion that they were no longer able to proceed under the Chapter 13 Plan. No party objected to the Debtors' motion. On September 11, 1984, the Bankruptcy Court signed an "Order Terminating Chapter 13." On December 18, 1984 the court issued an order dismissing the Chapter 13 case and discharging the trustee.

On October 3, 1984, prior to the Chapter 13 dismissal but after the "termination," the Debtors filed a petition under Chapter 7. The Debtors received their Chapter 7 discharge on January 28, 1985. At a subsequent hearing on the issue of the dischargeability of the Debtors' 1979 and 1980 tax obligations, the Bankruptcy Court agreed with the IRS that these delinquent taxes qualified as an exception to discharge under 11 U.S.C. § 523(a)(1).

## III

### DISCUSSION

Under Sections 523(a)(1) and 507(a)(7)(A) of the Code, an income tax obligation of the debtor is not dischargeable if the last date on which a tax return could have been filed falls within three years of the date of the filing of the petition. *In re Resnick*, 52 B.R. 90, 92 (Mass.1985). This grants the IRS three years to collect its taxes. If a debtor files for bankruptcy after this three-year period, the tax debt is dischargeable. *Id.* The Debtors claim that since the relevant tax years are 1979 and 1980 and the Chapter 7 petition was filed in 1984, the three-year collection period for the IRS expired, making the tax debts dischargeable.[1]

The IRS, on the other hand, points out that it was unable to collect the 1979 and 1980 tax obligations during most of the subsequent three years because the Debtors were in Chapter 13 proceedings and thereby protected by the automatic stay of Section 362. The IRS therefore argues that it should be allowed additional time to pursue the Debtors.

We begin our analysis with Section 108(c) of the Code which states in relevant part:

---

1. There has been some confusion over exactly when the Debtors' Chapter 13 case was properly dismissed since the Court "terminated" the case on one date and then subsequently dismissed the case. This could have a bearing on the legitimacy of the Chapter 7 petition which was filed between the "termination" and the dismissal since some courts have held that a debtor may not maintain two simultaneous and separate bankruptcy proceedings. *In re Heywood,* 39 B.R. 910 (W.N.Y.1984); *Associates Financial Services Corp. v. Cowen,* 29 B.R. 888 (S.Ohio 1983); *cf. In re Bumpass,* 28 B.R. 597 (S.N.Y. 1983) (simultaneous bankruptcy proceedings do not automatically require dismissal of the latter case). However, we find it unnecessary to reach this issue since our own decision today is based on other grounds. *See In re Grimes,* 58 B.R. 368, 372 (W.La.1986).

Except as provided in section 524 of this title, if applicable nonbankruptcy law ... fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor ... and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 30 days after notice of the termination or expiration of the stay under section 362, 922, or 1301 of this title, as the case may be, with respect to such claim.

11 U.S.C. § 108(c). This section extends the statute of limitations for creditors in actions against the debtor, where the creditor is hampered from proceeding outside the bankruptcy court due to the provisions of 11 U.S.C. § 362. *McCoy v. Grinnell*, 31 B.R. 827, 831 (W.Wa.1983).

Section 6503(b) of the Internal Revenue Code states:

The period of limitations on collection after assessment prescribed in section 6502 shall be suspended for the period the assets of the taxpayer are in the control or custody of the court in any proceeding before any court of the United States ... and for six months thereafter.

26 U.S.C. § 6503. Under this section, the six-year statute of limitations in Section 6502 for the collection of taxes is suspended for any period the taxpayer's assets are in control of the courts and for six months thereafter. *See United States v. Silverman*, 621 F.2d 961, 965 (9th Cir.1980). The issue before this Court is whether Section 108(c) of the Bankruptcy Code, in conjunction with Section 6503(b) of the Internal Revenue Code, tolls the period of tax collection so as to bring the taxes in question within the exception to discharge of Section 523(a)(1) of the Bankruptcy Code.

■■■ In discussing Section 108(c), the Senate Report stated:

In the case of Federal tax liabilities, the Internal Revenue Code suspends the statute of limitations on a tax liability of a taxpayer from running while his assets are in the control or custody of a court and for 6 months thereafter (sec. 6503(b) of the Code). The Amendment applies this rule in a title 11 proceeding. Accordingly, the statute of limitations on collection of nondischargeable Federal tax liability of a debtor will resume running after 6 months following the end of the period during which the debtor's assets are in control or custody of the bankruptcy court. This rule will provide the Internal Revenue Service adequate time to collect nondischargeable taxes following the end of the title 11 proceedings.

S.Rep. No. 989, 95th Cong., 2nd Sess. 30–31 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5816, 5817. From this, it is clear that Congress, by enacting Section 108(c), intended to activate Section 6503(b) and thereby suspend the running of the statute of limitations for tax collection during a taxpayer's bankruptcy proceedings. *In re Baird*, 63 B.R. 60, 62–63 (W.Ky.1986). Since Congress did not intend to allow a taxpayer to escape liability by the expiration of the statute of limitations while his assets are protected by bankruptcy proceedings, we hold that the tax debts in question are not subject to the discharge granted in this case.

The Debtors' argument that the IRS failed to collect its taxes within the three-year period of nondischargeability ignores the fact that their property was unreachable during most of that time. To follow the Debtors' argument would render the extension of the statute of limitations in Section 108(c) without meaning, since tax collectibility is obviously useless if the tax debt has been discharged. In addition, such a result would open the door to schemes of tax avoidance by debtors who could simply dismiss and refile their case after the expiration of the three-year period of nondischargeability. Since enforcement of the tax laws against delinquent tax debtors takes time, Congress, through Section 523, intended to give the taxing au-

thority at least three full years to pursue such debtors. H.Rep. No. 595, 95th Cong. 1st Sess. 190 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. Congress did not intend to allow tax avoidance through bankruptcy by permitting the discharge of the debtor before the taxing authority has had a fair opportunity to collect taxes due. *Id.*

In the present case, the Debtors were in a Chapter 13 bankruptcy from 1981 until 1984 and thereby were protected by the automatic stay of Section 362. Section 6503(b) of title 26, applicable to bankruptcy cases via 11 U.S.C. § 108(c), suspended the collections period set out in Sections 507 and 523 in order to give the IRS the full opportunity contemplated by Congress to collect the delinquent taxes from 1979 and 1980. The Debtors therefore should not be discharged of the obligations under Section 523.

AFFIRMED.