**In re Edward Joseph QUINLAN and Vera Frances Quinlan, Debtors.**

**Bankruptcy No. 88 B 13036 C.**

United States Bankruptcy Court,
D. Colorado.

March 13, 1989.

---

Peter A. Milwid, Denver, Colo., for debtors.

John A. Weeda, Sp. Asst., U.S. Atty., Denver, Colo., for I.R.S.

**ORDER ON MOTION TO CONFIRM CHAPTER 13 PLAN**

PATRICIA A. CLARK, Bankruptcy Judge.

This matter comes before the Court on the debtors' motion to confirm their Chapter 13 plan and the Internal Revenue Service's (IRS) objection thereto. A hearing was held on January 19, 1989. The Court sustained the objection.

Debtors contend that they are entitled to discharge of 1983 and 1984 taxes and interest as the liability falls outside of the three-year non-dischargeability period of 11 U.S.C. § 507(a)(7)(A).

The IRS asserts that the 1983 and 1984 tax and interest liability remains a priority expense as the IRS was precluded by debtors' prior Chapter 13 case from recovering that amount. The IRS maintains that in reality Section 507(a)(7)(A)(i) is a statute of limitations provision which is stayed by 26 U.S.C. § 6503(b) or (i) or 11 U.S.C. § 108(c). Hence, the liability would be non-dischargeable. The IRS cites *In re Brickley,* 70 B.R. 113 (Bankr. 9th Cir.1986), in support of its contentions. Alternatively, the IRS requests that the Court interpret the clause "three years before the date of the filing of the petition" in Section 507(a)(7)(A) (i and iii) to mean "after three *collection* years before the date of the filing of the petition. The IRS asserts that due to the automatic stay, a collection year would not run while debtor was in bankruptcy, thus, the government should be granted its ability to

collect the taxes or to maintain its priority position for them in a subsequent case.

The essential facts are as follows. Debtors filed a prior Chapter 13 case in 1986. The IRS filed a claim in the amount of $12,616.92 for unsecured priority taxes and interest for the three years prior to the filing. That case was dismissed in May of 1988. The IRS only received $496.54 during the case.

The debtor filed the present Chapter 13 petition in October of 1988. Debtors' plan attempts to discharge unsecured taxes for 1983 and 1984, in the 1988 case.

*In re Brickley* determined that Section 507 was tolled while debtor's Chapter 13 case was pending, making debtor's tax liability under that proceeding non-dischargeable in a subsequent case. *Brickley* involved similar facts to the case at hand except after the debtor's Chapter 13 case was dismissed, debtor filed a case under Chapter 7.

The Bankruptcy Appellate Panel analysis is as follows. First the Panel noted that Section 108(c) extends the statute of limitations for creditors who are unable to commence or continue a civil action against the debtor because of the automatic stay. Further, Section 6503(b) of the Internal Revenue Code suspends the limitations period on collections while the taxpayer's assets are in control of any U.S. court and for six months thereafter. The Bankruptcy Appellate Panel's cogent opinion next analyzed the legislative history of 11 U.S.C. § 108(c) as it applied to Federal tax liability. The Panel's holding is based upon that analysis. The relevant portion of their ruling determined that 26 U.S.C. § 6503(b) was applicable to bankruptcy cases via 11 U.S.C. § 108(c). Hence, due to the effective suspension of the collections period set out in Sections 507, the IRS would be given "the full opportunity contemplated by Congress to collect the delinquent taxes." [1]

The Court agrees with the analysis and outcome in *Brickley* and finds that the

debtors' taxes for 1983 and 1984 are non-dischargeable in this case because the IRS was precluded from recovering that liability during debtors' prior Chapter 13 case.

ORDERED that debtors' taxes for 1983 and 1984 are non-dischargeable in this proceeding and shall be treated as priority expenses.

---

**1.** The Panel stated that, "Congress did not intend to allow tax avoidance through bankruptcy by permitting the discharge of the debtor before the taxing authority has had a fair opportunity to collect taxes due." *Id.* at 116 (citations omitted).