**In re Paul T. DEITZ, Debtor.**

**Bankruptcy No. 89 B 1885 E.**

United States Bankruptcy Court,
D. Colorado.

Oct. 3, 1989.

John A. Cimino, Denver, Colo., for debtor.

Mark S. Heroux, Sp. Asst. U.S. Atty., Denver, Colo., for U.S. I.R.S.

**ORDER ON DEBTOR'S MOTION TO CONFIRM A CHAPTER 13 PLAN**

CHARLES E. MATHESON, Chief Judge.

This matter is before the Court on the Motion of Paul T. Deitz ("Debtor") to con-

firm a Chapter 13 plan of reorganization, and the objection filed by the Internal Revenue Service ("IRS"). The issue raised by the IRS is whether the filing of a bankruptcy petition suspends the running of the 240–day period for determining tax claim priority status as specified in 11 U.S.C. § 507(a)(7)(A)(ii).

## THE FACTS

The facts are derived from the stipulation filed by the parties and from the Court's file. On September 28, 1987, the IRS assessed additional tax liability against the Debtor for the 1979, 1980 and 1982 tax years. On March 29, 1988, 181 days after the IRS assessment, the Debtor filed a Chapter 7 petition in bankruptcy. The Court entered an order for discharge in that case on September 19, 1988. The IRS claim was deemed nondischargeable and survived the Chapter 7 discharge. 11 U.S.C. § 523(a). The Debtor then filed this Chapter 13 petition on February 14, 1989, more than 240 days after the IRS assessment. The Debtor's Chapter 13 plan lists the IRS, and treats its claim of $37,219.98, as a general unsecured creditor.

The IRS objected to this treatment and argued that its claim is entitled to priority status as provided by section 507(a)(7)(A)(ii). Section 507(a) provides, in pertinent part, that:

(a) The following expenses and claims have priority in the following order:

(7) Seventh, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

(i) . . . .

(ii) assessed within 240 days, plus any time plus 30 days during which an

offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition; . . .

The IRS argued that the Debtor's previous Chapter 7 bankruptcy suspended the 240–day period for the amount of time that the Chapter 7 stay was in effect, and that the 240–day period is extended by an additional six months pursuant to section 6503(b) of the Internal Revenue Code (the IRC). Section 6503(b) provides that:

The period of limitations on collection after assessment prescribed in section 6502 shall be suspended for the period the assets of the taxpayer are in the control or custody of the Court in any proceeding before any court of the United States . . . and for six months thereafter. 26 U.S.C. § 6503(b).

IRC section 6503(i) is more specific to bankruptcy proceedings. That section provides that:

The running of the period of limitations provided in section 6501 or 6502 on the making of assessment or collection shall, in a case under Title 11 of the United States Code, be suspended for the period during which the Secretary is prohibited by reason of such case from making the assessment or from collecting and—

(1) for assessment, 60 days thereafter, and

(2) for collection, 6 months thereafter.[1]

The IRS relies on *In re Brickley*, 70 B.R. 113 (Bankr. 9th Cir. BAP 1986), and *In re Molina*, 99 B.R. 792 (D.C.S.D.Ohio 1988), as well as the unpublished decision of *In re Quinlan*, 107 B.R. 300 (Bankr.D.Colo.1989), which adopted the reasoning of *Brickley*. These cases, while similar in nature to the present case, are distinguishable. Each of

---

1. IRC section 6501 provides that:

(a) General Rule

Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within three years after the return was filed . . . and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period. . . . 26 U.S.C. § 6501.

IRC section 6502 provides that:

(a) Length of period

Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if such levy is made or the proceeding begun—

(1) within 6 years after the assessment of the tax. . . .

26 U.S.C. § 6502.

these cases dealt with the factual situation where a debtor first filed a Chapter 13 and then filed a later Chapter 7. In each case the court held that the three-year period provided by 11 U.S.C. § 507(a)(7)(A)(i) was tolled during the pendency of the Chapter 13.

The analysis used by all three courts is the same and is typified by the *Molina* case, *supra*. In *Molina* the court looked to the provisions of 11 U.S.C. § 108(c), which provide:

> (c) Except as provided in section 524 of this title, if applicable nonbankruptcy law ... fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, ... and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) 30 days after the notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as they case may be, with respect to such claim.

The court then noted that 26 U.S.C. § 6502 provides a six-year statute of limitations for the collection of taxes, which statute of limitations is suspended during the pendency of a bankruptcy case. 26 U.S.C. § 6503(i). With respect to these provisions of the IRC, the court in *Molina* states:

> As applied to the present case, the statute therefore has the effect of suspending the running of the limitations period while the taxpayer's assets were in the custody or control of the bankruptcy court and for six months thereafter. *Molina, supra,* 99 B.R. at 795.

The court then concludes:

> Section 108(c) therefore activates 26 U.S.C. § 6503 and, although it does not toll the statute of limitations, it suspends it until the debtor's assets are no longer under court control and for six months thereafter. *Id.*

This Court concurs with the analysis in *Molina* to that extent. Having reached this conclusion, the courts in *Molina, Quinlan and Brickley* then make an impermissible leap. That leap is typified by the language in the *Brickley* case, *supra,* where the court first makes note of the legislative history under 11 U.S.C. § 108(c) which provides:

> In the case of Federal tax liabilities, the Internal Revenue Code suspends the statute of limitations on a tax liability of a taxpayer from running while his assets are in the control or custody of a court and for 6 months thereafter (sec. 6503(b) of the Code). The Amendment applies this rule in a title 11 proceeding. Accordingly, the statute of limitations on collection of nondischargeable Federal tax liability of a debtor will resume running after 6 months following the end of the period during which the debtor's assets are in control or custody of the bankruptcy court. This rule will provide the Internal Revenue Service adequate time to collect nondischargeable taxes following the end of the title 11 proceedings. S.Rep. No. 989, 95th Cong., 2nd Sess. 30–31 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5816, 5817.

The court in *Brickley* then concludes:

> In the present case, the Debtors were in a Chapter 13 bankruptcy from 1981 until 1984 and thereby were protected by the automatic stay of Section 362. Section 6503(b) of title 26, applicable to bankruptcy cases via 11 U.S.C. § 108(c), *suspended the collections period set out in Sections 507 and 523* in order to give the IRS the full opportunity contemplated by Congress to collect the delinquent taxes from 1979 and 1980. The Debtors therefore should not be discharged of the obligations under Section 523. *In re Brickley, supra,* 70 B.R. at 116. (Emphasis added)

The impermissible leap made by the *Brickley* court, and concurred in by *Molina* and *Quinlan,* is in holding that section 6503(b) of title 26 suspended the "collections" period set out in sections 507 and 523 of the Bankruptcy Code. The conclusion made by those courts, first, erroneously characterizes the period specified in section 507(a)(7) as being a "collections" peri-

od and, second, extends those periods relying on 26 U.S.C. § 6503(b) and 11 U.S.C. § 108(c).

The periods specified under 11 U.S.C. § 507(a)(7) are not statutes of limitation. They are merely periods of time which measure the tax years for which a priority status will be given in a bankruptcy proceeding. While those taxes are made nondischargeable in a Chapter 7 case pursuant to 11 U.S.C. § 523(a), once again the period specified is not a "collections" period but identifies the tax years for which taxes will be nondischargeable.

By its express terms, the *collections* period which is extended by section 6503(b) is the period specified by 26 U.S.C. § 6502, which is six years. The statutory scheme provides the IRS six years to collect nondischargeable taxes, and that six year period will be extended during the pendency of the bankruptcy case pursuant to 11 U.S.C. § 108(c).

The other flaw in the conclusion reached is by ingrafting the extension period of section 108(c) to the so-called "collections" period specified under section 507(a)(7)(A). By the explicit language of 11 U.S.C. § 108(c), the limitations period which must be looked to is that provided by "applicable *nonbankruptcy* law". Thus the limitation period extended pursuant to the provisions of section 108(c) is the limitations period provided by the IRC pursuant to 26 U.S.C. § 6502. The measuring period specified by 11 U.S.C. § 507(a)(7)(A) is clearly specified by applicable "bankruptcy" law, and is not affected by 11 U.S.C. § 108(c). The Court concludes, therefore, that the running of the 240–day period specified by section 507(a)(7)(A)(ii) of the Bankruptcy Code was not stayed during the pendency of the Debtor's prior Chapter 7 case and the IRS claim in this case is not entitled to priority status.

IT IS THEREFORE ORDERED that the Debtor's Chapter 13 plan, as amended, shall be confirmed.