**In re Shirley BRYANT.**

**Bankruptcy No. 90–40885 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Sept. 13, 1990.

As Amended Dec. 19, 1990.

Michael Knollmeyer, Jacksonville, Ark., for debtor.

Kimberly Forseth, U.S. Dept. of Justice, Tax Div., Office of Special Litigation, Washington, D.C., for I.R.S.

A.L. Tenney, Trustee.

ORDER SUSTAINING OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN BY INTERNAL REVENUE SERVICE AND OVERRULING DEBTOR'S OBJECTION TO ALLOWANCE OF THE INTERNAL REVENUE SERVICE CLAIM

MARY D. SCOTT, Bankruptcy Judge.

Now before the Court is an Objection to Confirmation of Chapter 13 Plan filed by the Internal Revenue Service and an Objection to Allowance of Claim of the IRS filed by the debtor. The matters came on for hearing August 16, 1990. Michael Knollmeyer, Esq., appeared on behalf of the debtor, Kimberly Forseth, Esq., appeared on behalf of the United States of America, Internal Revenue Service (IRS) and A.L. Tenney, Trustee appeared *pro se.*

This Court has jurisdiction pursuant to 28 U.S.C. § 1334. Moreover, the Court finds that it is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(1) as exemplified in 28 U.S.C. § 157(b)(2)(B)(I) and (L).

### FACTS

On October 21, 1987, debtor filed a Chapter 7 bankruptcy petition and received a

discharge on October 8, 1989 pursuant to 11 U.S.C. § 727. Subsequently, on April 19, 1990 debtor filed the present Chapter 13 bankruptcy petition.

In regard to debtor's Chapter 13 proceeding, the IRS filed a priority claim for federal income taxes due for the 1985, 1986 and 1987 taxable years. Debtor responded by filing an Objection to the IRS' proof of claim. Debtor contends that taxes for the 1985 and 1986 taxable years are not priority claims because the returns were due more than three years before the filing of debtor's present bankruptcy proceeding.[1]

## ISSUE

The issue before the Court is whether section 108(c) of the Bankruptcy Code, in conjunction with section 6503(b) of the Internal Revenue Code ("IRC"), tolls the period of tax collection in order to not only bring debtor's 1985 and 1986 tax obligations within an exception to discharge, but also to retain their priority status. *See* 11 U.S.C. §§ 523(a)(1) and 507(a)(7).

## DISCUSSION

An income tax obligation for which a return was due within three years of the filing of a bankruptcy petition is a priority claim. *See* 11 U.S.C. § 507(a)(7). In addition, under section 523(a)(1)(A), a priority claim under section 507(a)(7) is an exception to any discharge granted a debtor. *Matter of Florence*, 115 B.R. 109 (Bankr.S.D.Ohio 1990). See also 11 U.S.C. § 1322(a)(2). This permits the IRS three (3) years to collect its taxes. Thus, if a taxpayer files a bankruptcy case after this three-year period, the still uncollected tax debt is discharged. *In re Brickley*, 70 B.R. 113, 114 (9th Cir.B.A.P.1986). In the present case, since the relevant tax years are 1985 and 1986, and the Chapter 13 petition was filed

on April 19, 1990, debtor contends that the three-year collection period for the IRS has expired, and the tax debt is dischargeable.

The IRS, on the other hand, points out that during the pendency of debtor's prior Chapter 7 case, debtor's assets were protected by the automatic stay. *See* 11 U.S.C. § 362(a). Consequently, during the relevant time period between October 21, 1987 and October 6, 1989, the IRS could take no action to compel debtor to pay her tax obligations for the 1985 and 1986 tax years. The IRS argues that it should be allowed additional time to pursue the debtor because the limitation of a non-bankruptcy action stayed by the bankruptcy proceeding is tolled during the pendency of the bankruptcy case. 11 U.S.C. § 108(c).[2] This provision extends the statute of limitations for creditors in actions against the debtor when the creditor is prevented from proceeding outside the bankruptcy court because of the automatic stay provision in section 362. *In re Brickley*, 70 B.R. at 115.

The IRS further argues that section 6503(b) of the IRC provides that, "[t]he period of limitations on collection after assessment prescribed in [section] 6502 shall be suspended for the period the assets of the taxpayer are in the control or custody of the court of the United States ... and for six months thereafter." 26 U.S.C. § 6503(b). Under section 6503(b), the statute of limitations in section 6502 for the collection of taxes is suspended for any period the taxpayer's assets are in control of the courts plus an additional six months. *See United States v. Silverman*, 621 F.2d 961, 965 (9th Cir.1980).

Debtor argues that 11 U.S.C. § 108(c) is not relevant to this case. She contends that even if the section 108(c) time limitation for collection is extended under the

---

**1.** Debtor no longer contests the priority claim status of her tax obligation for the 1987 taxable year.

**2.** 11 U.S.C. § 108(c) provides:
"... if applicable non-bankruptcy law ... fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor.... and

such period has not expired before the filing of the petition, then such period does not expire until the later of—
(1) the end of such period, ...; or
(2) 30 days after notice of the termination or expiration of the stay under section 362, 722, 1201 or 1301 of this title, as the case may be, with respect to such claim.

various statutes cited by the government, these taxes would not, in any event, be entitled to priority payment status under section 507(a)(7) or have any bearing on dischargeability. This argument, however, ignores the legislative history preserved when the Bankruptcy Code was enacted by Congress in 1978.

In discussing section 108(c) the Senate Report specifically mentioned that IRC section 6503(b) applied to bankruptcy proceedings. *See* S.Rep. No. 989, 95th Cong., 2d Sess. 30–31 (1978), *reprinted in* 1978 U.S. Code, Cong. & Admin.News, 5787, 5816, 5817. From this it appears clear that when Congress enacted section 108(c), it considered section 6503(b), and thereby also suspended the running of the statute of limitations for tax collection during a taxpayer's bankruptcy proceeding. *In re Baird*, 63 B.R. 60, 62–63 (Bankr.W.D.Ky. 1986). Virtually every court, upon reviewing this legislative history, has held that Congress did not intend to allow a taxpayer to escape liability for a tax obligation by the expiration of the statute of limitations while his assets are protected by bankruptcy proceedings. *See In re Quinlan*, 107 B.R. 300 (Bankr.D.Colo.1989); *Molina v. United States*, 99 B.R. 792 (S.D.Ohio 1988); *In re Florence*, 90–1 U.S.T.C. para. 50,233, 115 B.R. 109 (Bankr.S.D.Ohio 1990); *In re Baird*, 63 B.R. 60 (Bankr.W.D.Ky.1986).[3]

The debtor's 1985 and 1986 income tax obligations were not discharged in the previous Chapter 7 bankruptcy proceeding, inasmuch as the returns for those years were due less than three (3) years before the filing of the Chapter 7 petition. *See* 11 U.S.C. § 523(a)(1). In addition, during the pendency of the previous Chapter 7 case, the 507(a)(7) limitation on priority tax claims with respect to the present Chapter 13 proceeding was tolled from October 21, 1987 until October 6, 1989. The prior Chapter 7 discharge was entered on Octo-

ber 6, 1989; and, therefore the automatic stay was lifted as of that date. *See* 11 U.S.C. § 362(c)(2)(C).

With respect to the 1985 tax year, debtor's return was due on April 15, 1986. When debtor filed the prior bankruptcy case, the three (3) year priority and non-dischargeability statute of limitation was frozen until the discharge was granted on October 6, 1989. *See* 26 U.S.C. § 6503(b) and 11 U.S.C. § 108(c). Thus, the statute of limitation had only run from April 15, 1986 until October 21, 1987, or eighteen (18) months. Six months later on April 19, 1990, before the IRS could act, the debtor filed the present Chapter 13 petition, again invoking the protection of the automatic stay of section 362(a) and tolling the running of the section 507(a)(7)(A) priority period. Thus, twelve (12) months remained under the priority and non-dischargeability statute of limitation of section 507(a)(7)(A). Accordingly, the Court finds that the IRS still has a priority unsecured claim for debtor's 1985 tax obligation that is non-dischargeable in debtor's present Chapter 13 proceeding.

With respect to the 1986 tax year, debtor's return was due on April 15, 1987. When debtor filed the prior bankruptcy case, the three (3) year priority and non-dischargeability statute of limitation was frozen until the discharge was granted on October 6, 1989. *See* 26 U.S.C. § 6503(b) and 11 U.S.C. § 108(c). Thus, the statute of limitations had only run from April 15, 1987 until October 21, 1987, or six (6) months. Six months later on April 19, 1990, before the IRS could act, the debtor filed the present Chapter 13 petition, again invoking the protection of the automatic stay of section 362(a) and tolling the running of the section 507(a)(7)(A) priority period. Thus, twenty-four (24) months remained under the priority and non-dis-

---

**3.** *Contra In re Dietz*, 106 B.R. 236 (Bankr.D. Colo.1989), where the court held that section 108(c) and IRC section 6503(b) do not affect the priority provisions of section 507(a), because section 507(a) is not a statute of limitation, but merely a period of time which measures the tax years for which a priority status will be given in a bankruptcy proceeding. *Id.* at 239. On ap-

peal, the U.S. District Court rejected this analysis and held that section 108(c) and IRC section 6503(b) do toll the time limitations of section 507(a)(7). Accordingly, the District Court reversed the bankruptcy court's Order confirming debtor's Chapter 13 plan. *See In re Dietz*, 116 B.R. 792 (D.Colo.1990), Bankr.L.Rep. 73,515 (CCH).

chargeability statute of limitation of section 507(a)(7)(A). Accordingly, the Court finds that the IRS still has a priority unsecured claim for debtor's 1986 tax obligation that is non-dischargeable in debtor's present Chapter 13 proceeding.

Accordingly, for the foregoing reasons, it is hereby

ORDERED that the claim of the Internal Revenue Service with respect to debtor's 1985 and 1986 tax obligations as non-dischargeable, priority, unsecured claims is approved, and it's Objection to Confirmation of debtor's plan is sustained. It is further

ORDERED that the Objection to Allowance of Claim of the IRS filed by the debtor is overruled, and the debtor is given twenty (20) days to modify her Chapter 13 plan in accordance with the Court's findings.

IT IS SO ORDERED.