**In re William E. RICHARDS, Debtor/Appellant.**

**No. CIV–91–1993–A.**

**Bankruptcy No. BK–91–02581–TS.**

United States District Court, W.D. Oklahoma.

Feb. 10, 1992.

James L. Bentley, UAW–GM Legal Services, Del City, Okl., for debtor.

Ann Spears, trustee.

## OPINION

ALLEY, District Judge.

Debtor/appellant, William E. Richards, appeals from a ruling that his income tax liability for the years 1982 through 1986 is not discharged in bankruptcy.

The issues presented on appeal are whether the 240 day period for assessment of income tax priority was suspended during debtor's first Chapter 13 bankruptcy, pursuant to title 11 U.S.C. § 507(a)(7)(A)(ii); and whether section 6503(b) of the Internal Revenue Code should be read in conjunction with the bankruptcy code's providing an additional six month suspension of assessment after bankruptcy is concluded. We hold that both suspension provisions should be read together, tolling the 240 day period for income tax assessment during debtor's first Chapter 13 bankruptcy, and for six months thereafter.

I

## FACTS

On April 11, 1990, the Internal Revenue Service effectuated an assessment against debtor/appellant, William E. Richards (hereinafter "Richards"), for his 1982 through 1986 income taxes. Ninety-six days later, on July 16, 1990, Richards filed for bankruptcy under Chapter 13 of the United States Bankruptcy Code. On February 20, 1991, having been in bankruptcy for 281 days, Richards caused his first Chapter 13 bankruptcy case to be dismissed. On April 11, 1991, fifty-one days following the dismissal of his first Chapter 13 case, Richards filed a second Chapter 13 bankruptcy petition.

Richards appeals from the October 2, 1991, final order issued by the United States Bankruptcy Court, allowing the priority claim of the Internal Revenue Service. Richards maintains that his income tax claim does not qualify as a § 507(a)(7)(A) priority claim, and should only be allowed as a general unsecured claim.

II

## DISCUSSION

Section 523(a)(1)(A) of the United States Bankruptcy Code provides that a debtor who files non-fraudulent tax returns may discharge tax liabilities in bankruptcy, barring those amounts due within three years of the date of bankruptcy filing. This grants the Internal Revenue Service three years to collect its taxes. Section § 507(A)(7)(A)(ii) follows by establishing seventh priority status for income taxes "assessed within 240 days" of bankruptcy.

Section 108(c) extends the statute of limitations for creditors in actions against the debtor, where the creditor is hampered from proceeding outside the bankruptcy

court. The Internal Revenue Code suspends the period of limitations when the assets of the taxpayer are "in control *or* custody of the court", and for six months thereafter. Title 26 U.S.C. § 6503(b) (emphasis added). This provision is formulated in terms of the disjunctive, imparting on the bankruptcy courts powers of control even over "debtor in possession" property. Richards challenges this interpretation.

The United States Bankruptcy Appellate Panel for the Ninth Circuit states that Congress' enactment of section 108(c) of the Bankruptcy Code was intended to trigger application of section 6503(b) of the Internal Revenue Code, thereby suspending the running of the statute of limitations for tax collection during, and for six months after, the taxpayer's bankruptcy proceeding. *In Re Brickley*, 70 B.R. 113 (BC 9th Cir. BAP 1986). Arguing that the Internal Revenue Service failed to collect its taxes within the period of nondischargeability ignores the fact that the debtor's property was unreachable during the bankruptcy proceeding. *Id.* The Ninth Circuit Bankruptcy Appellate Panel further reasons that:

> To follow th[is] argument would render the extension of the statute of limitations in Section 108(c) without meaning, since tax collectibility is obviously useless if the tax debt has been discharged. *In addition, such a result would open the door to schemes of tax avoidance by debtors who could simply dismiss and refile their case after the expiration of the three-year period of nondischargeability.* Since enforcement of the tax laws against delinquent tax debtors takes time, Congress, through Section 523, intended to give the taxing authority at least three full years to pursue such debtors.

*Id.* at 115–116 (citing H.Rep. No. 595, 95th Cong. 1st Sess. 190 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6150 (emphasis added)). Congress did not intend to allow tax avoidance through bankruptcy by permitting the debtors discharge before the taxing authority has had a fair opportunity to collect taxes due. *Id.*

In this case, Richards was in a Chapter 13 case for two hundred and eighty-one (281) days before dismissing his first Chapter 13 case, and subsequently refiling another Chapter 13 case. Section 6503(b) of the Internal Revenue Code, applicable to bankruptcy cases through title 11 U.S.C. § 108(c), suspended the collections period set out in sections 507 and 523 to give the Internal Revenue Service the full opportunity contemplated by Congress to collect delinquent taxes. Therefore, Richards' income tax obligations from 1982 through 1986 are not subject to discharge.

AFFIRMED.

It is so ordered.