**In re Robert W. WORTHEN, Debtor.**

**UNITED STATES of America, Appellant,**

v.

**Robert W. WORTHEN, Appellee.**

Civ. No. 92–59–FR.

Bankruptcy No. 390–33988–H13.

United States District Court, D. Oregon.

Feb. 19, 1992.

Kent V. Snyder, Wayne Godare, Snyder & Associates, Portland, Or., for debtor/appellee.

Charles H. Turner, U.S. Atty., Portland, Or., and Stephen G. Fuerth, Barbara A. Johnson, U.S. Dept. of Justice, Tax Div., Washington, D.C., for the U.S.

## OPINION

FRYE, District Judge:

The matter before the court is the appeal of the government from an order of the United States Bankruptcy Court for the District of Oregon in which the bankruptcy judge concludes that the tax claims of the United States are not entitled to priority status within the Chapter 13 plan of the debtor.

## UNDISPUTED FACTS

On June 13, 1988, the United States made tax assessments against Robert Wesley Worthen and Beverly Dell Worthen for income taxes owing for the tax years 1982, 1983 and 1984. These income taxes are the joint and several liability of Robert Wesley Worthen and Beverly Dell Worthen.

On January 19, 1989, Robert Wesley Worthen and Beverly Dell Worthen jointly filed a Chapter 13 petition in bankruptcy. Because the tax assessments were made within 240 days of the time the petition in bankruptcy was filed, the tax claims for the years 1982, 1983 and 1984 were entitled to priority payment from the estate of Robert Wesley Worthen and Beverly Dell Worthen.

Thereafter, the Worthens moved the bankruptcy court for an order of dismissal of this joint petition in bankruptcy filed on January 19, 1989, and on May 30, 1990, the bankruptcy court entered an Order and Notice of Dismissal of this joint petition.

On July 27, 1990, the Worthens each filed an individual Chapter 13 petition in bankruptcy after they were divorced. These appeals to this court ensued from those cases: Robert W. Worthen, Bankruptcy No. 390–33988–H13, and Beverly Dell West, Bankruptcy No. 390–33989–H13. These individual Chapter 13 petitions were filed 58 days from the date of May 30, 1990, the date the first and joint Chapter 13 petition of the Worthens was dismissed.

On October 16, 1990, Proofs of Claim for Internal Revenue taxes were filed by the Internal Revenue Service (IRS) in the bankruptcy case of Robert W. Worthen and in the bankruptcy case of Beverly Dell West. In these claims, the IRS contends that the sum of $17,262.06 should be classified as priority tax claims for the taxes unpaid during the years 1982, 1983 and 1984.

Worthen and West objected to the unpaid taxes being classified as priority claims.

The Chapter 13 plan submitted to the bankruptcy court by Worthen provided that the sum of $70 per month would be paid toward the secured claims of the IRS designated in the amount of $1,500. The Chapter 13 plan submitted to the bankruptcy court by West provided that the sum of $20 per month would be paid toward the secured claim of the IRS designated in the amount of $1,500.

The United States objected to these Chapter 13 plans since they did not provide for the payment of the full amount of the tax claims. The United States argued to the bankruptcy court that the bankruptcy plan should not be confirmed because it failed to provide for the payment of all priority claims pursuant to section 1322(a)(2) of the Bankruptcy Code. The United States argued that section 108(c) of the Bankruptcy Code, read in conjunction with section 6503(b) of the Internal Revenue Code, tolls the 240-day period of section 507(a)(7)(A)(ii) for an additional six months, thereby preserving the tax claims in this case as priority claims.

Worthen and West argued to the bankruptcy court that the dismissal of the jointly filed petition in bankruptcy on May 30, 1990 and the filing of the individual petitions in bankruptcy on July 27, 1990 reduced the tax claims of the United States from priority status to general status because the individual petitions were filed 774 days after June 13, 1988, which was the date of the tax assessment.

By letter dated August 21, 1991, the bankruptcy court determined that the individual tax claims were not priority claims because priority claims are "completely separate from and unrelated to the question of whether collection efforts on the claims would be barred by applicable nonbankruptcy law." Excerpt of Record L.

This appeal followed.

## APPLICABLE STANDARD

■ The bankruptcy court's interpretation of the relevant statutes are conclusions of law and are reviewed *de novo* by this court. *Ragsdale v. Haller*, 780 F.2d 794, 795 (9th Cir.1986).

## APPLICABLE LAW

Section 507(a)(7)(A) of the Bankruptcy Code lists the three kinds of tax claims which have priority status and which are nondischargeable in bankruptcy, including "(ii) [a tax] assessed within 240 days ... before the date of the filing of the petition." 11 U.S.C. § 507(a)(7)(A)(ii) (Supp. 1991). If more than 240 days have passed between the assessment of the taxes and the filing of the petition in bankruptcy, then the tax claims are dischargeable as an unsecured debt. 11 U.S.C. §§ 523(a)(1)(A) and 507(a)(7)(A)(ii) (Supp.1991).

Section 108(c) of the Bankruptcy Code provides, in relevant part:

> [I]f applicable nonbankruptcy law ... fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor ... and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

11 U.S.C. § 108(c) (Supp.1991). Section 108(c) of the Bankruptcy Code extends the statute of limitations for creditors in actions against debtors, where creditors are hampered from proceeding outside the bankruptcy court due to the provisions of 11 U.S.C. § 362. *In re Brickley*, 70 B.R. 113, 115 (9th Cir. BAP 1986).

Section 6502(a) of the Internal Revenue Code applicable to this case provides: "Where the assessment of any tax imposed by this title has been made ... such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—(1) within 6 years after the assessment of the tax." 26 U.S.C. § 6502(a)(1). Section 6503(b) states: "The

period of limitations on collection after assessment prescribed in section 6502 shall be suspended for the period the assets of the taxpayer are in the control or custody of the court in any proceeding before any court of the United States ... and for 6 months thereafter." 26 U.S.C. § 6503(b). Under these sections, the six-year statute of limitations in section 6502 for the collection of taxes is suspended for any period the taxpayer's assets are in the control of the courts and for six months thereafter. *In re Brickley* at 115.

The issue before this court is whether section 108(c) of the Bankruptcy Code, in conjunction with section 6503(b) of the Internal Revenue Code, tolls the time period for tax collection so as to bring the taxes in question within the exception to the discharge provided in section 507(a)(7)(A)(ii).

## CONTENTIONS OF THE PARTIES

The United States contends that the joint filing of the Chapter 13 bankruptcy petition by Robert Wesley Worthen and Beverly Dell Worthen on January 19, 1989 suspended the running of the 240–day period under section 507(a)(7)(A)(ii) of the Bankruptcy Code for the duration of the joint Chapter 13 proceeding, and that the period for collection of the assessed taxes was extended by six months following the dismissal of that joint petition by operation of section 6503(b) of the Internal Revenue Code and section 108(c) of the Bankruptcy Code.

As such, the United States argues that the filings of the individual Chapter 13 bankruptcy petitions on July 27, 1990, only 58 days following the dismissal of the joint petition, affected neither the right of the IRS to assess any additional taxes nor the right of the IRS to an additional six months in which to collect the assessed taxes. Accordingly, the United States argues that the priority status of the tax claims is not affected either by the dismissed joint petition in bankruptcy or the filing of the individual bankruptcy petitions, and the Chapter 13 plans in the individual bankruptcy cases must provide for full payment of the priority claim of the IRS.

Worthen and West contend that there is no legal authority to support the position of the government that the filing of the joint petition tolled the 240–day period. Worthen and West argue that even assuming that the filing of the joint petition tolled the 240–day period, 278 days elapsed between the assessment of the taxes on June 13, 1988 and the filing of the individual petitions in bankruptcy on July 27, 1990.

Worthen and West contend that section 108(c) of the Bankruptcy Code does not operate to allow the suspension provided in section 6503(b) of the Internal Revenue Code to apply to the 240–day period provided in section 507(a)(7)(A)(ii) of the Bankruptcy Code.

Worthen and West argue that the express language of section 6503(b) of the Internal Revenue Code limits the application of the statute to the period of limitations on collection after assessment which is prescribed in section 6502(a).

The United States argues in reply that the purpose of section 6503(b) is to suspend the running of the statute of limitations on the right of the IRS to collect a nondischargeable federal tax liability from a debtor for a period of six months following the end of the period during which the assets of the debtor are in the control or the custody of the bankruptcy court. In other words, the United States argues that the federal tax claim listed in the first joint bankruptcy petition filed by Worthen and West retained nondischargeable status for an additional six months following the termination of that joint bankruptcy petition on May 30, 1990, and that the filing of the individual bankruptcy petitions on July 27, 1990 cannot defeat the priority position of the tax claims as established in the first joint bankruptcy petition. The United States asserts that to rule otherwise would allow a person or persons to file a petition in bankruptcy, to dismiss that petition, and to refile a second petition in bankruptcy as a facile device to obtain discharges of tax claims in the second bankruptcy proceeding which were nondischargeable in the first bankruptcy proceeding.

## ANALYSIS

■ The tax assessments at issue were made 220 days prior to the time the Worthens filed their joint petition in bankruptcy and the tax claims in the joint petition were awarded priority status under section 507(a)(7)(A)(ii). The joint petition in bankruptcy was then dismissed. The individual petitions were filed 58 days after the joint petition was dismissed. After the taxes were assessed, there was a period of 278 days during which no bankruptcy proceeding was pending. This is 38 days more than the 240 days provided for priority status under section 507(a)(7)(A)(ii) of the Bankruptcy Code.

However, the United States argues that section 108(c) of the Bankruptcy Code and section 6503(b) of the Internal Revenue Code operate to extend the priority status provided for under section 507(a)(7)(A)(ii) for six months after the joint petition was dismissed. Worthen and West contend that section 108(c) does not authorize the application of section 6503(b) to the priority status provided for under section 507(a)(7)(A)(ii).

Section 108(c) extends the statute of limitations in an action against a debtor by a creditor where "applicable nonbankruptcy law" provides for such an extension. Section 6503(b) of the Internal Revenue Code states that "[t]he period of limitations on collection after assessment prescribed in section 6502 shall be suspended" during a bankruptcy proceeding "and for 6 months thereafter." The issue in this case, however, does not involve the period of limitations on collection prescribed in section 6502(a) but involves the priority status of claimants to the assets of the petitioners in bankruptcy under section 507(a)(7)(A)(ii) of the Bankruptcy Code.

The plain language of section 6503(b) supports the contention of Worthen and West that section 108(c) does not apply to this action because section 6503(b) is not a nonbankruptcy law applicable to the priority status set out in section 507(a)(7)(A)(ii) of the Bankruptcy Code.

In *In re Brickley*, 70 B.R. 113 (9th Cir. BAP 1986), the debtors filed a Chapter 13 proceeding, dismissed the Chapter 13 proceeding, and filed a Chapter 7 proceeding. The issue before the court was whether the time the government's collection efforts were stayed by reason of the pending Chapter 13 case should be taken into account in calculating the reach-back time of another priority section contained in 11 U.S.C. § 523(a)(1)(A), which provided that an income tax obligation of the debtor is not dischargeable if the last date on which a tax return could have been filed falls within three years of the date of the filing of the petition in bankruptcy. The court concluded that the priority allowed by 11 U.S.C. § 523(a)(1)(A) was extended by section 6503(b), applicable through the operation of section 108(c). The court explained:

[I]t is clear that Congress, by enacting Section 108(c), intended to activate Section 6503(b) and thereby suspend the running of the statute of limitations for tax collection during a taxpayer's bankruptcy proceedings. Since Congress did not intend to allow a taxpayer to escape liability by the expiration of the statute of limitations while his assets are protected by bankruptcy proceedings, we hold that the tax debts in question are not subject to the discharge granted in this case.

The Debtors' argument that the IRS failed to collect its taxes within the three-year period of nondischargeability ignores the fact that their property was unreachable during most of that time. To follow the Debtors' argument would render the extension of the statute of limitations in Section 108(c) without meaning, since tax collectability is obviously useless if the tax debt has been discharged. In addition, such a result would open the door to schemes of tax avoidance by debtors who could simply dismiss and refile their case after the expiration of the three-year period of nondischargeability. Since enforcement of the tax laws against delinquent tax debtors takes time, Congress, through Section 523, intended to give the taxing authority at least three full years to pursue such debtors. Congress did not intend to allow tax avoidance through

bankruptcy by permitting the discharge of the debtor before the taxing authority has had a fair opportunity to collect taxes due.

In the present case, the Debtors were in a Chapter 13 bankruptcy from 1981 until 1984 and thereby were protected by the automatic stay of Section 362. Section 6503(b) of title 26, applicable to bankruptcy cases via 11 U.S.C. § 108(c), suspended the collections period set out in Sections 507 and 523 in order to give the IRS the full opportunity contemplated by Congress to collect the delinquent taxes from 1979 and 1980. The Debtors therefore should not be discharged of the obligations under Section 523.

*In re Brickley,* 70 B.R. at 115–16 (citations omitted).

*In re Brickley* involves the determination of priority status under section 507, the same provision applicable to this case. The court in *In re Brickley* held that section 6503(b) of title 26 was applicable through 11 U.S.C. § 108(c) to extend the priority status provisions of section 507. The application of the ruling in *In re Brickley* results in a finding in favor of the United States in this case that the period as provided in section 507(a)(7)(A)(ii) was extended by the six months stated in section 6503(b).

While the IRS had more than 240 days, unrestricted by any court proceeding, to collect the tax assessments prior to the time that the Worthens filed their individual petitions in bankruptcy, section 6503(b), which the court in *In re Brickley* applied to section 507, gives the IRS an additional six-month period to collect its debt without discharge in bankruptcy.

## CONCLUSION

The ruling of the bankruptcy court is reversed. This action is remanded to the bankruptcy court for further proceedings in accordance with this opinion.