**In re Richard Dewayne BROWN and Ardyce Elaine Brown, Debtors.**

**Richard Dewayne BROWN and Ardyce Elaine Brown, Plaintiffs,**

**v.**

**UNITED STATES of America, ex rel., INTERNAL REVENUE SERVICE and The State of Oklahoma, ex rel., Oklahoma Tax Commission, Defendants.**

**Bankruptcy No. 94–10783–BH. Adv. No. 94–1131–BH.**

United States Bankruptcy Court, W.D. Oklahoma.

Dec. 12, 1994.

Rex D. Brooks, Oklahoma City, OK, for debtors/plaintiffs.

Edith F. Moates, Sp. Asst. U.S. Atty., Oklahoma City, OK, for defendant I.R.S.

### MEMORANDUM OF DECISION ON CROSS MOTIONS FOR SUMMARY JUDGMENT

RICHARD L. BOHANON, Bankruptcy Judge.

The narrow issues raised by the cross motions for summary judgment concern whether or not the Internal Revenue Service is entitled to a priority claim for unpaid income taxes, and the *stare decisis* effect of a decision of the Court of Appeals for the Tenth Circuit.

The plaintiffs-debtors brought their complaint seeking a determination that certain tax debts are not entitled to priority in payment and are, therefore, discharged. They first filed a bankruptcy petition in 1991 which was dismissed, they filed another petition in 1993 which was also dismissed, and the pend-

ing petition was filed in 1994. The defendant-IRS claims that it is entitled to priority in payment for income taxes due for the three years preceding the *first* petition. The plaintiffs contend that the IRS is entitled to its priority only for the three years preceding the filing of the *pending* petition. In sum, if the IRS is correct it has priority for the 1988 taxes and for all succeeding years. If the plaintiffs are correct the priority reaches back to only 1991.

There are no assets in the estate for distribution to any creditors, regardless of the priorities of their claims. The issue is raised by the plaintiffs, however, for taxes which carry the priority are excepted from their discharge. *See* 11 U.S.C. § 523(a)(1)(A). In its motion papers the IRS seeks a determination that the tax liability is entitled to the priority and is, therefore, excepted from the plaintiffs' discharge.[1]

The relevant statute is 11 U.S.C. § 507(a)(7)(A)(i) which provides in pertinent part that the IRS has priority in payment for income taxes "for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition . . ." The IRS contends that its priority status should be suspended by the earlier petitions for, while they were pending it could not seek collection of unpaid taxes because of the automatic stay imposed by 11 U.S.C. § 362.

It relies on *United States of America v. Richards,* 994 F.2d 763 (10th Cir.1993). That case arises under similar facts and concerns another subsection of the same statute, section 507(a)(7)(A)(ii). For present purposes the difference between the two subsections is inconsequential. The court of appeals held that equitable principles control to the end that the IRS' priority period is suspended by the prior bankruptcy petitions.

■ The issue turns on the proper methodology of statutory interpretation. In *In re Horwitz,* 167 B.R. 237 (Bankr.W.D.Okla. 1994) I discuss the numerous Supreme Court decisions dealing with this subject. It has repeatedly said that the courts are to apply the statutes according to what they say even if the conclusion leads to "unwelcome results." In *Horwitz* I pointed out that certain statutes are absolute in their language and direct the result to be achieved. Others are discreet and allow the courts to rely on their own sense of equity and similar factors.

■ I can only read section 507(a)(1)(A)(i) in absolute terms. It says that the time runs from the date of filing "the petition." This language leads me to conclude that it refers to the petition which forms the basis of the case at hand, not ones filed in prior years. If such result were intended the Congress would have used language such as "any" petition or other words to indicate it meant to include prior petitions. There is nothing in this statute that grants courts license to apply their discretion. It merely implements a method of calculating the priority from the date of the petition. Had the Congress desired to suspend the priority in circumstances such as this it certainly could have done so. And, it did provide for suspension in cases pertaining to the collection of taxes, as opposed to their priority in payment. *See* 11 U.S.C. § 108(c) and 26 U.S.C. § 6503(h) (Supp.1994).

*Richards* relies on section 105(a) of the Bankruptcy Code which grants the bankruptcy courts equitable powers "necessary or appropriate to carry out the provisions of this title." The decision does not, however, explain how denying the IRS priority in payment of these older taxes would be contrary to other provisions of title 11, other than to state that allowing the priority "is consistent with the underlying philosophy of the Bankruptcy Code." 994 F.2d at 765. It then refers to section 108 of the Bankruptcy Code which suspends periods of limitations for certain civil actions while a bankruptcy case is pending and section 6503(h) of the Internal Revenue Code which suspends periods of limitations in cases where assessment or collection efforts are stayed by a case under title 11. However, neither of these statutes

---

1. Plaintiffs concede that certain unpaid employment taxes are entitled to priority pursuant to 11 U.S.C. § 507(a)(7)(C) and are, therefore, except-ed from their discharge by 11 U.S.C. § 523(a)(1)(A).

make any reference to suspending the periods relating to *priorities* of claims and section 6503(h) applies only to suspend the running of the period of limitations in cases where *assessment or collection* efforts are stayed by the prior petitions.[2]  In both *Richards* and in this case the IRS concedes that there are no provisions of either code which suspend the period for *priority* in cases of prior petitions.

The contrary assertion concerning section 105(a) might also be made.  It could be postulated that the section should be used to *prevent* suspending the times for priority because that result would be appropriate or necessary to carry out the provisions of title 11 dealing with the debtors' discharge and their "fresh start" since the obligation to pay priority taxes is not discharged.  It also might be argued tenably that section 349(a) of the Bankruptcy Code indicates an intent that the priority *not* be suspended with the result that the tax debt is barred from the discharge entered in the later case.  That section says "dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title ..."

In its decision the court of appeals points out that a literal application of section 507 could permit a debtor to file and dismiss petitions in a reprehensible scheme to intentionally avoid the IRS' priority.  The court concludes that "[w]e doubt that such was Congress' intent."  994 F.2d 763, 765 n. 3.  I can only query, for the reasons explained in *Horwitz*, whether the courts have the power to rectify this perceived omission by the Congress.

Compelling evidence of an intentional scheme to circumvent title 11 in order to defeat the tax priority might conceivably be a basis for applying section 105(a) to empower the bankruptcy court to prevent conduct which it finds, as a matter of fact, to be in bad faith.  There is no evidence in this record of any such intent on the part of these plaintiffs, and apparently there was no evidence of it on the part of Richards.  I believe, nonetheless, that the courts cannot reach a desired result based solely on their own determination that either the Congress didn't intent what the statute says or that the underlying policy of the statute is not good.

In any event *Richards* controls my decision in this case and it is of no consequence if I disagree with its conclusion.[3]  If the law in this circuit concerning whether or not the provisions of section 507(a)(7)(A) are suspended by prior petitions is to be altered, the decision must be made by the court of appeals or the Supreme Court.  Even though I disagree concerning the way the statute is to be applied I have no alternative but to follow *Richards*, conclude that the priority period was suspended, grant the motion of the IRS for summary judgment and deny the plaintiffs' motion.

Since the IRS is entitled to the priority, judgment will be entered excepting the tax debt owed to the United States from the plaintiffs' discharge.

---

**2.**  26 U.S.C. § 6503(h) (Supp.1994) states: "The running of the period of limitations provided in section 6501 or 6502 on the making of assessments or collection shall, in a case under title 11 of the United States Code, be suspended for the period during which the Secretary is prohibited by reason of such case from making the assessment or from collecting—
  (1) for assessment, 60 days thereafter, and
  (2) for collection, 6 months thereafter."
In this case the gap between dismissal and filing was never more than 6 months.

**3.**  See the discussion of *stare decisis* appearing at 20 AM.JUR.2D *COURTS* §§ 183–202 (1965).  Since the court of appeals for this circuit has decided the issue this memorandum does not discuss decisions from other jurisdictions dealing with it.  *See e.g., West v. United States of America*, 5 F.3d 423 (9th Cir.1993), cert. denied, —— U.S. ——, 114 S.Ct. 1830, 128 L.Ed.2d 459 (1994) and *Brickley v. United States of America*, 70 B.R. 113 (9th Cir. BAP 1986).