**In re Diana M. MORRISON, Debtor.**

**Bankruptcy No. 97–24853–PGH–BKC.**

United States Bankruptcy Court, S.D. Florida.

April 28, 1998.

Alberto Hernandez, Robert Sanchez and Associates, Hialeah, FL.

Robin R. Weiner, Hallandale, FL, Standing Chapter 13 Trustee.

**ORDER GRANTING MOTION BY UNITED STATES FOR RECONSIDERATION OF ORDER SUSTAINING OBJECTION TO CLAIM FILED BY I.R.S., VACATING SAID ORDER, AND ALLOWING CLAIM FILED BY I.R.S.**

PAUL HYMAN, Jr., Bankruptcy Judge.

This case came before the Court for consideration of the Motion for Reconsideration of Order Sustaining Debtor's Objection to Claim of Internal Revenue Service. The debtor objected to the portion of the claim filed by the Internal Revenue Service for 1991 income tax, on grounds that the tax was assessed more than 240 days prior to the date debtor filed her petition in this case, and that therefore said tax was not entitled to priority status under Section 507(a)(8)(A)(ii) of the Bankruptcy Code, 11 U.S.C.

The facts are not disputed. The taxes in question were assessed on February 19, 1996. The debtor filed her first bankruptcy petition on September 4, 1996 (Case No. 96–24259–BKC–PGH (Bankr.S.D.Fla.)). The debtor's first bankruptcy was dismissed June 19, 1997. The debtor filed her second bankruptcy petition, the one in this case, on August 4, 1997.

Adding the number of days from the assessment date to the first filing date (197 days) to the number of days from the dismissal of the first bankruptcy to the filing of the second bankruptcy (46 days), gives a total of 243 days.

This Court, relying on the plain language of Section 507(a)(8)(A)(ii), previously held that the taxes were not entitled to priority status, because they were assessed more than 240 days prior to the date the debtor filed her petition in this case. The United States, making an argument not made previously, now contends that the taxes in question are entitled to priority status under Section 108(c) of the Bankruptcy Code and Section 6503(h) of the Internal Revenue Code, 26 U.S.C.

The Ninth Circuit Court of Appeals, in *In re West*, 5 F.3d 423, 427 (9th Cir.1993), *cert. denied*, 511 U.S. 1081, 114 S.Ct. 1830, 128 L.Ed.2d 459 (1994), held, "The debtors' [prior] joint Chapter 13 case suspended the running of § 507(a)(7)(A)(ii)'s 240–day priority period from the date of the bankruptcy petition until six months after the case was dismissed." In *Brickley v. United States*, 70 B.R. 113, 115 (9th Cir. BAP 1986), the court quoted the legislative history for Section 108(c) of the Bankruptcy Code:

In the case of Federal tax liabilities, the Internal Revenue Code suspends the statute of limitations on a tax liability of a taxpayer from running while his assets are in the control or custody of a court and for 6 months thereafter (§ 6503(b) of the Code). The Amendment applies this rule in a title 11 proceeding. Accordingly, the statute of limitations on collection of nondischargeable Federal tax liability of a debtor will resume running after 6 months following the end of the period during which the debtor's assets are in control or custody of the bankruptcy court. This rule will provide the Internal Revenue Service adequate time to collect nondischargeable taxes following the end of the title 11 proceedings.

S.Rep. No. 989, 95th Cong., 2nd Sess. 30–31 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5816, 5817. In *United States v. Richards*, 994 F.2d 763, 765 (10th Cir.1993), the court noted:

Further, the policy of ensuring that the government have adequate time to collect unpaid taxes unimpeded by an intervening bankruptcy is reflected in a series of tolling provisions. For example, 11 U.S.C. § 108 suspends the statute of limitations for actions outside of bankruptcy for the pendency of the current bankruptcy proceedings. And, 26 U.S.C. § 6503(h) of the Internal Revenue Code suspends the time within which the government can collect a debtor's taxes for the pendency of the bankruptcy proceedings and six months thereafter.

In *Morgan v. United States*, No. 1:97–CV–604–JEC (N.D.Ga. Jan. 21, 1998), the court ruled that—

"[S]ection 108(c) [of the Bankruptcy Code] implicitly incorporates the limitations period of section 6503 [of the Internal Revenue Code] by preserving nonbankruptcy statutes of limitations which have not yet expired." [Citation omitted.]

This Court finds that good cause has been shown for granting the motion for reconsideration filed by the United States. Accordingly, it is

ORDERED, ADJUDGED, and DECREED that the Motion for Reconsideration of Order Sustaining Debtor's Objection to Claim of Internal Revenue Service is granted. Based on Section 108(c) of the Bankruptcy Code and Section 6503 of the Internal Revenue Code, the Court finds that the 240–day period in Section 507(a)(8)(A)(ii) of the Bankruptcy Code was suspended during the debtor's prior bankruptcy and for six months

thereafter. Therefore, the Court's Order Sustaining Objection to Claim of Internal Revenue Service, dated March 9, 1998, is hereby vacated, and the claim filed by the Internal Revenue Service is allowed as filed.