**Connie J. WEKELL, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**No. C91–5227(T)WD.**

United States District Court,
W.D. Washington,
at Seattle.

May 4, 1992.

Arthur. H. Boelter, Dennis G. Riggs, Boelter & Gale, Seattle, Wash., for plaintiff.

Berry A. Heatley, U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendant.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT AND DIRECTION FOR ENTRY OF JUDGMENT

DWYER, District Judge.

The plaintiff in this action seeks to remove tax liens filed by the Internal Revenue Service against certain real property in Pierce County, Washington, and seeks, under 26 U.S.C. § 7432, an award of damages, costs, and attorney fees by reason of the government's failure to ·release the liens. The property is a residence at which plaintiff has resided since her divorce from a husband whose activities led to the unpaid tax obligations and to the liens. The decisive question is whether the statute of limitations for collection of a tax deficiency had passed, thus making the liens invalid. Both parties have moved for summary judgment. There is no issue of fact for trial, and the case can be decided as a matter of law under Fed.R.Civ.P. 56.

The record shows that plaintiff's former husband filed a petition for corporate bankruptcy on June 21, 1982, and a personal bankruptcy petition for himself and the plaintiff on July 8, 1982. Both petitions were filed under. Chapter 11, and the IRS received timely notice of them.

Plaintiff contends that the automatic stay in bankruptcy tolled the IRS collection limitation period only during the time it would reasonably have taken the IRS to petition for the stay to be lifted, making

the IRS's November 3, 1988, notice of intent to levy untimely. Defendant asserts that under 26 U.S.C. § 6503 the bankruptcy action effectively tolled the statute until the stay was actually lifted, making the Notice of Intent to Levy timely if issued before December 11, 1988.

The automatic stay under 11 U.S.C. § 362(a) acts as an absolute bar to IRS collection proceedings until it is lifted. *Noli v. C.I.R.*, 860 F.2d 1521, 1525 (9th Cir.1988). The statute of limitations is tolled during the period that the IRS is prohibited from collection activities because of a bankruptcy action. 26 U.S.C. § 6503(h). Congress intended 26 U.S.C. § 6503(i) [now 6503(h) ] to toll the period of limitation on collection during the period the automatic stay under 11 U.S.C. § 362(a) was in effect. *Galanis v. Commissioner*, 92 T.C. 34 (1989).

A grant of relief from the automatic stay is within the discretion of the bankruptcy judge. *In re MacDonald*, 755 F.2d 715, 716 (9th Cir.1985). A party may request the stay be lifted, and that request will be granted if the bankruptcy debtor has no equity in the property, and the property is not necessary for successful reorganization. 11 U.S.C. § 362(d).

Plaintiff contends that the IRS had an affirmative duty to petition for the stay to be lifted. However, there is no statute or case law to support the contention; and such a rule would have the effect of requiring the IRS to petition for the stay to be lifted in every bankruptcy case in which taxes are an issue or risk the limitation period continuing to run.

The automatic stay was designed to give a debtor some freedom from financial pressures, and to protect creditors from a race to the courthouse. *See In re Minoco Group of Companies, Ltd.*, 799 F.2d 517 (9th Cir.1986). Tolling ensures that the debtor cannot file bankruptcy merely to let the limitation period to run. *In re Hunters Run Ltd. Partnership*, 875 F.2d 1425, 1429 (9th Cir.1989). In *Hunters Run*, the court expressly rejected that theory that a lien holder should be required to apply for relief from the automatic stay. *Id.* at 1428.

Plaintiff's final argument is that the IRS is being enriched at her expense because she made mortgage payments in the amount of $612 per month during the years after the bankruptcy. However, the record shows without dispute that plaintiff knew that the IRS could foreclose on the house, which she has occupied at all relevant times, and that she took the property at the time of her divorce in 1987 knowing that the tax lien should have been cleared off by her husband, and had not been. There is no legal or factual basis for plaintiff's contention.

On the record before this court, it appears that the plaintiff has suffered financially because of non-payment of taxes by her former husband. A substantial part of the motion papers is devoted to that history. However, the present case is governed by an issue of law, i.e., whether the statute of limitations had run on the tax obligations. As a matter of law it had not run. Accordingly, plaintiff's motion for summary judgment is denied, defendant's motion is granted, and judgment for defendant will be entered.