**In re Ronald A. BOWLING, Chapter 7 Debtor.**

**Ronald A. BOWLING, Plaintiff,**

**v.**

**INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 92–23139–T.
Adv. No. 92–2157–T.**

United States Bankruptcy Court, E.D. Virginia, Norfolk Division.

Oct. 20, 1992.

Raymond A. Jackson, Asst. U.S. Atty., Norfolk, Va., James J. Wilkinson, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for I.R.S.

James M. Stafford, Virginia Beach, Va., for plaintiff debtor.

### MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

This adversary proceeding comes before the court on cross motions for summary judgment to determine dischargeability of the debtor's liability for federal income tax for the years 1986, 1987, and 1988. The Internal Revenue Service (IRS) requests partial summary judgment that debtor's 1988 income tax liability is not dischargeable. Debtor requests summary judgment that taxes for all three years are dischargeable. Since the IRS has not contested the dischargeability of the taxes for 1986 and 1987, the court will grant the debtor's motion as to those tax years. However, for the reasons stated in this opinion the court concludes that debtor's income tax for 1988 is not dischargeable and to that extent will deny debtor's motion and grant the IRS summary judgment motion.

### *Facts*

On March 23, 1992, the debtor filed an initial chapter 7 bankruptcy petition. That bankruptcy case was dismissed on May 20, 1992, pursuant to local rule 209 because the debtor failed to attend the meeting of creditors required under 11 U.S.C. § 341. Bankr.E.D.Va.R. 209(B).

On May 26, 1992, the debtor filed a second chapter 7 bankruptcy petition. Among the debts scheduled in this petition are

obligations owed to the Internal Revenue Service for unpaid federal income tax for tax years 1986, 1987, and 1988.

On June 30, 1992, debtor filed the complaint in this adversary proceeding asking this court to declare these tax liabilities dischargeable in his bankruptcy case.

### Position of Parties

The IRS challenges dischargeability of the 1988 tax, arguing the three year period in 11 U.S.C. § 507(a)(7)(A)(i) was suspended by the debtor's first chapter 7 filing.[1]

The debtor argues the three year period in question is not a statute of limitations and cannot be suspended. Debtor contends the three year period operates only to define the years in which tax liability is entitled to a priority status; he argues that any other interpretation has no statutory basis and therefore violates congressional intent.

### Discussion and Conclusions of Law

The only issue here concerns the dischargeability of debtor's 1988 federal income tax debt. This issue can be resolved by summary judgment since Bankruptcy Rule 7056 allows a motion for summary judgment to be granted when there is no material issue of fact, and the movant is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), on remand, 826 F.2d 33 (D.C.Cir.1987), cert. denied, 484 U.S. 1066, 108 S.Ct. 1028, 98 L.Ed.2d 992 (1988). In this case the facts are not in dispute, and the dischargeability issue depends on this court's interpretation of the Bankruptcy Code and applicable case law. In re Stoll, 132 B.R. 782, 784 (Bankr. N.D.Ga.1990).

Section 523(a)(1)(A) of the Bankruptcy Code excepts from discharge any tax debt "specified in section ... 507(a)(7) ...". 11 U.S.C. § 523(a)(1)(A). Section 507(a)(7)(A)(i) gives a seventh priority status to income taxes for which a return is due "after three years before the date of filing the [bankruptcy] petition." 11 U.S.C. § 507(a)(7)(A)(i). The combined effect of these provisions is to render an income tax debt non-dischargeable if the last date in which a return could have been filed was within three years of the bankruptcy petition filing date. In re Stoll, 132 B.R. at 784.

The debtor filed the present bankruptcy case on May 26, 1992, approximately 3 years and 42 days after the last regular filing date (April 15, 1989) for his 1988 return. Accordingly, the debtor argues his 1988 federal income tax liability is a dischargeable debt in his bankruptcy.

However, the debtor's previous bankruptcy filing complicates the question. The automatic stay in that case prevented the IRS from taking any action to collect the debtor's 1988 tax liability from March 23, 1992 (the date of the first filing), to May 20, 1992 (the date the first case was dismissed). As the dates reflect, debtor's 1988 tax liability became three years old during the pendency of his first bankruptcy case.

Relying primarily upon 11 U.S.C. § 108(c), the IRS argues the three year limitations period was suspended during the course of debtor's first bankruptcy case, and as a result his 1988 tax liability is excepted from discharge.[2] Section 108(c) states in pertinent part:

[I]f applicable nonbankruptcy law ... fixes a period for commencing or continuing a civil action in a court other than

---

**1.** Generally, by virtue of § 507(a)(7) and § 523(a)(1)(A), tax liabilities less than 3 years old are not discharged in bankruptcy. See, e.g., In re Stoll, 132 B.R. 782, 784 (Bankr.N.D.Ga. 1990).

**2.** 24 days remained of the three year period (1095 days) at the time the debtor filed his first bankruptcy petition. If the three year period was tolled from March 23, 1992 (the date the first bankruptcy petition was filed) to May 20,

1992 (the date the first bankruptcy case was dismissed) and resumed running until May 26, 1992 (the date of the second bankruptcy petition was filed), approximately 18 days remain of the three year period as of the second bankruptcy filing. Accordingly, the IRS contends the three year period has not run as to the debtor's 1988 tax liability. Therefore, according to the IRS, the debtor's 1988 tax liability is a non-dischargeable debt in bankruptcy.

a bankruptcy court on a claim against the debtor, ... and such period has not expired before the date of the filing of the petition, then such period does not expire until ... the end of such period, *including any suspension* of such period occurring on or after the commencement of the case ...

11 U.S.C. § 108(c) (emphasis added).[3]

The legislative history of § 108(c) supports the IRS position:

> In the case of Federal tax liabilities, the Internal Revenue Code [Title 26] suspends the statute of limitations on a tax liability of a taxpayer from running while his assets are in the control or custody of a court ... The amendment applies this rule in a title 11 proceeding.... This rule will provide the Internal Revenue Service adequate time to collect nondischargeable taxes following the end of title 11 proceedings.

S.Rep. No. 989, 95th Cong., 2nd Sess. 30–31 (1978), 1978 U.S.Code Cong. & Admin.News 5787, 5816–17.

An analysis of § 108 and its legislative history leads the court to concur with the substantial case law holding that for the purposes of determining the dischargeability of income tax liability, the three year period in 11 U.S.C. § 507(a)(7)(A)(i) is suspended during the course of an earlier bankruptcy case.[4] One court recently noted, "it would be analytically shortsighted to assume that the three year period of § 507(a)(7)(A)(i) has no other purpose than to measure a time period for which a priority will be given, and that it was mechanically incorporated into the dischargeability provisions of § 523 without reason." *In re Stoll*, 132 B.R. at 785. Moreover, it would be fundamentally unfair to allow the three year period to run against the government while it is blocked by the automatic stay from bringing suit to collect the debtor's tax liability. *Id.* It would also be unfair to allow taxpayers to escape their tax liabilities by protecting their assets in bankruptcy until the three period expires. However, this would be the result if the three year period for determining nondischargeability is not suspended during the pendency of a prior bankruptcy case. *Id.*

Accordingly, the court concludes that the three year period of § 507(a)(7)(A)(i) as incorporated in § 523(a)(1)(A) was suspended during the course of debtor's prior bankruptcy case, and as a result the court holds that debtor's 1988 income tax debt is not dischargeable in this bankruptcy case.

A separate order will be entered.

---

**3.** The IRS also refers to § 6503 of the Internal Revenue Code as further support of its position. Section 6503 provides in part that "the [6 year] period of limitations on collection ... shall be suspended for the period the assets of the taxpayer are in the control of ... any court of the United States ..." 26 U.S.C. § 6503(b).

**4.** *In re Brickley,* 70 B.R. 113 (9th Cir. BAP 1986); *In re Worthen,* 137 B.R. 1016 (Or.1992); *In re Deitz,* 116 B.R. 792 (Colo.1990), *reversing, In re Deitz,* 106 B.R. 236 (Bankr.Colo.1989); *In re Molina,* 99 B.R. 792 (S.D.Ohio 1988); *In re Wise,* 127 B.R. 20 (Bankr.E.D.Ark.1991); *In re Stoll,* 132 B.R. 782 (Bankr.N.D.Ga.1990); *In re Davidson,* 120 B.R. 777 (Bankr.N.J.1990); *In re Florence,* 115 B.R. 109 (Bankr.S.D.Ohio 1990); *In re Quinlan,* 107 B.R. 300 (Bankr.Colo.1989); *cf. Wekell v. United States,* 144 B.R. 503 (W.D.Wash.1992).