**In re Hillmer J. LITTLE, II and Cheryl E. Muller, Debtors.**

**Bankruptcy No. 97–00808–5–ATS.**

United States Bankruptcy Court,
E.D. North Carolina,
Raleigh Division.

Oct. 23, 1997.

M. Ryan Dyson, Layton, Dyson & Carraway, P.A., Raleigh, NC, for Debtors.

Trawick H. Stubbs, Jr., Stubbs, Pahl & Perdue, P.A., New Bern, NC, Chapter 13 Trustee.

## ORDER ALLOWING OBJECTION TO PRIORITY TAX CLAIM

A. THOMAS SMALL, Chief Judge.

The matter before the court is the objection filed by the chapter 13 debtors, Hillmer J. Little, II and Cheryl E. Muller, to the $242,728 priority tax claim of the United States Internal Revenue Service. A hearing was held in Raleigh, North Carolina on September 16, 1997.

The issue before the court is whether the IRS's claim for Mr. Little's and Ms. Muller's 1990 income tax is a priority claim pursuant to 11 U.S.C. § 507(a)(8)(A)(ii), which gives the IRS a priority for income taxes to the extent that the taxes are

> assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition[.]

The IRS assessed the debtors' 1990 income taxes on February 22, 1996, more than 240 days before the debtors filed their chapter 13 petition on May 2, 1997. However, the IRS contends that the assessment for the 1990 taxes does fall within 240 days prior to bankruptcy because the 240–day period was tolled by the filing of the debtors' chapter 7 petition on December 12, 1996, and remained tolled during the chapter 7 case and for 6 months thereafter pursuant to 11 U.S.C. § 108(c) and 26 U.S.C. § 6503(h). The court disagrees.

Several courts of appeals have held that bankruptcy tolls the time periods for determining priority tax claims under 11 U.S.C. § 507(a)(8)(A),[1] but those cases ignore the plain meaning of the statute. Sections of the Bankruptcy Code that give one creditor priority over others must be strictly construed. Furthermore, it is a well-settled principle of statutory construction that a court is bound by the unambiguous language of a statute unless the construction would clearly bring about a result contrary to the drafters' intent. "This is not one of those 'rare cases [in which] the literal application of

---

1. *In re Taylor,* 81 F.3d 20 (3d Cir.1996); *West v. United States (In re West),* 5 F.3d 423 (9th Cir. 1993); *United States v. Richards (In re Richards),* 994 F.2d 763 (10th Cir.1993); *Montoya v. United States (In re Montoya),* 965 F.2d 554 (7th Cir. 1992).

a statute will produce a result demonstrably at odds with the intentions of its drafters.'" *Nolan v. United States Internal Revenue Service (In re Nolan)*, 205 B.R. 885, 888 n. 19 (Bankr.M.D.Tenn.1997) (quoting *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989) (citation omitted)).

Congress obviously considered the tolling issue when enacting § 507(a)(8)(A)(ii) because this section provides that a debtor's offer in compromise will extend the 240–day time period. Had Congress intended a debtor's prior bankruptcy to also toll the time period, surely it would have said so.

The IRS argues that § 108(c)[2] of the Bankruptcy Code and § 6503[3] of the Internal Revenue Code toll the 240–day time period of § 507(a)(8)(A)(ii) during the pendency of a prior bankruptcy plus six months, but that is not so.

■ 11 U.S.C. § 108(c) is only applicable to time periods under "nonbankruptcy law" and is not applicable to Bankruptcy Code § 507(a)(8)(A). It has been held that the three year look back period under § 507(a)(8)(A)(i) is not extended or tolled by § 108(c), *In re Nolan*, 205 B.R. at 887–888 (citing *In re Pastula*, 203 B.R. 941 (Bankr. E.D.Mich.1997); *In re Turner*, 182 B.R. 317 (Bankr.N.D.Ala.1995), *adhered to on reconsideration*, 195 B.R. 476 (Bankr.N.D.Ala. 1996); *In re Gore*, 182 B.R. 293 (Bankr. N.D.Ala.1995)), and the same is true for § 507(a)(8)(A)(ii). The 240–day assessment requirement is a substantive element of § 507(a)(8)(A)(ii), not a statute of limitations to be extended by § 108(c). *In re Nolan*, 205 at 888.

■ Had the IRS been prevented in the present case from initially assessing the 1990 taxes as a result of the debtors' chapter 7 and chapter 13 bankruptcies, 26 U.S.C. § 6503 and 11 U.S.C. § 108(c) would provide the IRS with additional time to assess and collect the taxes if the debtors' chapter 13 case were to fail.[4] However, the IRS assessed the taxes prior to the chapter 7 filing, and the 240–day time period ran well before the debtors filed their chapter 13 petition. Therefore, 26 U.S.C. § 6503 does not apply through 11 U.S.C. § 108(c).

■ According to the IRS, the court should use its equitable powers under 11 U.S.C. § 105(a) to find that a prior bankruptcy tolls the 240–day time period because otherwise debtors could abuse the bankruptcy system by filing successively and thereby avoid paying their federal taxes. 11 U.S.C. § 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

---

**2.** 11 U.S.C. § 108(c) provides:

(c) Except as provided in section 524 of this title, if applicable nonbankruptcy law ... fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, ... and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

(1) *the end of such period, including any suspension of such period occurring on or after the commencement of the case;* or

(2) 30 days after notice of the termination or expiration of the stay under section 362 ... with respect to such claim.

**3.** 26 U.S.C. § 6503(h) provides:

The running of the period of limitations provided in section 6501 or 6502 on the making of assessments or collection shall, in a case under title 11 of the United States Code, be suspended for the period during which the Secretary is prohibited by reason of such case from making the assessment or from collecting and—...

(2) for collection, 6 months thereafter.

**4.** The interaction of 11 U.S.C. § 108(c) and 26 U.S.C. § 6503 retains importance in bankruptcy though not because of any imagined affect on the dischargeability of taxes. For example, a debtor who tries and fails in a Chapter 13 case does not escape the assessment or collection of taxes upon dismissal because 11 U.S.C. § 108(c) and 26 U.S.C. § 6503 extend the assessment and collection rights of the government.

*In re Nolan*, 205 B.R. at 889 n. 22.

Despite the authority granted by 11 U.S.C. § 105(a), a court may not use its equitable powers to rule in a manner contrary to unambiguous statutory language, especially when dealing with the priority of debts under the Bankruptcy Code.[5] *In re Nolan*, 205 B.R. at 891 (citing *United States v. Noland*, 517 U.S. 535, 116 S.Ct. 1524, 134 L.Ed.2d 748 (1996)).

■ The IRS argues that its claim for 1990 taxes *would not have been discharged in* the debtors' chapter 7 case and that it is not fair and equitable to allow the debtors' obligation for 1990 taxes to be discharged in this chapter 13 case. It is true that the 1990 taxes were not discharged in the debtors' chapter 7 case under § 523(a)(1) because the taxes were assessed on February 22, 1996, within 240 days of the petition filed on December 12, 1996, and were priority taxes under § 507(a)(8)(A)(ii). It is also true that these taxes will be discharged under § 1328(a) upon completion of the debtors' chapter 13 plan. However, the Bankruptcy Code specifically recognizes that nondischargeable claims in one case may be discharged in a subsequent case. Congress' intent to allow a debtor to discharge in a subsequent bankruptcy debts that were not dischargeable in a previous chapter 7 case is evident from the plain language of 11 U.S.C. § 523(b), which provides that "a debt that was excepted from discharge under subsection (a)(1) ... in a prior case concerning the debtor under this title ... is dischargeable in a case under this title[.]"[6]

This is not a case in which the court should elevate the IRS's claim to priority status. Accordingly, the debtors' objection is ALLOWED, and the IRS shall not have a priority claim for the debtors' 1990 taxes.

**SO ORDERED.**

---

**5.** Equitable tolling or extension of the [240 days] as argued by the IRS has exactly the effect rejected by the Supreme Court in *Noland*—it would alter the extent of the government's statutory priority for taxes based on an equitable principle whenever a debtor had a prior bankruptcy case during the [240 day] period.
*In re Nolan*, 205 B.R. at 892.

**6.** 11 U.S.C. § 523(b) is unambiguous proof that Congress contemplated and empowered debtors to discharge taxes in successive bankruptcy cases. Notwithstanding the ruminations in some reported decisions, it is not plausible that Congress overlooked the possibility that debtors would file successive bankruptcy cases in which the automatic stay would interrupt the collection efforts of the IRS. Section 523(b) states that non-fraud taxes declared nondischargeable in a prior bankruptcy case can be discharged in a subsequent bankruptcy case. Section 523(b) necessarily contemplates more than one bankruptcy case and more than one automatic stay.

*In re Nolan*, 205 B.R. at 889–890 (citations omitted).