**In re Gregory BARTON, Thelma Barton, Debtors.**

**Bankruptcy No. 7–98–03139–13.**

United States Bankruptcy Court, W.D. Virginia, Roanoke Division.

May 17, 1999.

Michael D. Hart, Roanoke, VA, for debtors.

Angelo Frattarelli, Tax Division, U.S. Dept. of Justice, Washington, DC, for Internal Revenue.

**DECISION AND ORDER**

ROSS W. KRUMM, Chief Judge.

The matter before the court for decision arises as a result of an objection by the debtors to the priority claim of the Internal Revenue Service (herein IRS) for income taxes for the years 1993 and 1994.[1] The issue before the court is whether the

---

1. Originally the debtors objected to the claims of the Internal Revenue Service for the years 1995, 1996 and 1997. However, after the debtors filed their income tax returns for those years, the Internal Revenue Service amended the estimated claims which it originally filed to conform to the federal income tax liabilities reported by the debtors on the late returns. Accordingly, those years are not now in issue; however, allowance of those amounts will be included in the ordered portion of this decision and order so as to fully resolve the claims of the Internal Revenue Service in this Chapter 13 proceeding.

periods which define priority status under 11 U.S.C. § 507(8)(A) are suspended for the period of time during which Gregory Barton and Thelma Barton (herein Debtors) were under the jurisdiction of the bankruptcy court in a previous Chapter 7 proceeding. For the reasons stated in this decision and order the court holds that the periods which define priority status under 11 U.S.C. § 507(8)(A) are suspended for the period of time that the Debtors were in a previous Chapter 7 proceeding. This holding results in a classification of the IRS claims for income taxes for the years 1993 and 1994 as a priority debt under 11 U.S.C. § 507(a)(8) in the Debtors' current Chapter 13 proceeding.

### Facts:

All of the relevant facts necessary for a decision on the issue before the court are stipulated.[2] The IRS has allowable claims for the tax years 1993 in the amount of $184.00 and for 1994 in the amount of $5,350.76. Tax returns reflecting these liabilities were due on April 15, 1994, and April 15, 1995, respectively.[3] The Debtors filed a Chapter 13 proceeding on July 7, 1995, converted it to a Chapter 7 proceeding on November 26, 1997, and were granted a discharge on March 3, 1998. On August 17, 1998, Debtors filed their current Chapter 13 proceeding.[4]

### Law and Discussion:

11 U.S.C. § 507(a)(8)(A) states, in relevant part, as follows:

(8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

(ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition.

The Debtors take the position that the plain language of 11 U.S.C. § 507(a)(8)(A) sets forth specific time periods which dictate whether a claim of the IRS for taxes has priority in a bankruptcy proceeding. Applying the plain language to the facts of this case, the Debtors argue that the limitation periods for priority tax status expired prior to the filing of their most recent bankruptcy proceeding and eliminated the priority status of IRS's claim in this Chapter 13 proceeding. Thus, the Debtors would classify the IRS debt an unsecured debt which will participate in distributions by the Chapter 13 trustee on a *pro rata* basis and, upon the successful completion of the Chapter 13 plan by the Debtors, will be discharged.

The Debtors rely on *In re Quenzer,* 19 F.3d, 163 (5th Cir.1993). In that case, the IRS took the position both at the bankruptcy court level and at the district court level that 11 U.S.C. § 108(c) suspended the limitation periods imposed by 11 U.S.C. § 507(a)(8)(A) during an earlier bankruptcy proceeding filed by the Debtors. In arguing a suspension of the limitation periods to the Fifth Circuit, the IRS changed the statutory basis upon which it relied

---

**2.** *See,* fact stipulation filed 2/1/99.

**3.** Absent a tolling of the provisions of 11 U.S.C. § 507(8)(A) the due dates for the returns at issue are clearly more than three years prior to the filing of the petition in the present case and the parties agree that the taxes were assessed more than 240 days prior to the filing of the current petition.

**4.** Based on the foregoing, the Debtors were under the jurisdiction of the bankruptcy court from July 7, 1995, to March 3, 1998, approximately two years and seven months, and were free from the jurisdiction of the bankruptcy court for a little over five months prior to the filing of the current Chapter 13.

from 11 U.S.C. § 108(c) to 11 U.S.C. § 105(a).[5] The Fifth Circuit did not permit the IRS to change its legal theory on appeal and reversed the lower courts on the applicability of § 108(c) as a toll on the periods set forth in § 507(a)(8)(A). The opinion points out that IRS seemed to acknowledge the inapplicability of 11 U.S.C. § 108(c).[6]

IRS argues for a tolling of the limitation periods and cites either 11 U.S.C. § 108(c) or 11 U.S.C. § 105, as a proper statutory basis. It offers circuit decisions from the Third, Seventh, Eighth and Tenth Circuits in support of its position.[7] There are also three published opinions from the Eastern District of Virginia which rule in favor of the position taken by the IRS.[8] These cases cite a large number of cases throughout the United States which suspend the priority period of 11 U.S.C. § 507(a)(8)(A) when the debtors file successive bankruptcy proceedings and seek to deny priority status to the IRS claim in the most current bankruptcy proceeding. The cited cases rely on either 11 U.S.C. § 108(c) or 11 U.S.C. § 105.

An explanation supporting the tolling argument of IRS under § 105 is found in *In re Ramos, supra.,* quoting *In re Miller,* 199 B.R. 631 (Bankr.S.D.Texas 1996).

[T]he Bankruptcy Code was not designed to allow debtors to create a scheme of bypassing the Code's nondischargeability provision by filing a petition, letting the priority period expire, dismiss their case, and refile again in order to discharge the taxes, thereby making themselves unreachable by the IRS. The sole purpose of assigning priority status to certain tax claims is to enhance the government's ability to collect such claim.

*Ramos* at 658. In *Ramos,* the district court upheld the bankruptcy court's exercise of equitable tolling under 11 U.S.C. § 105. The reasoning in *Ramos* is persuasive to this court.[9]

### *Conclusion:*

This court finds that 11 U.S.C. § 105(a) provides sufficient statutory authority for suspending the priority periods found in 11 U.S.C. § 507(a)(8)(A) under the factual circumstances present in the case at bar. For the foregoing reasons, it is

### ORDERED:

That the objection of the Debtors to the claim of Internal Revenue Service for tax liability for the years 1993 and 1994 in the

---

**5.** 11 U.S.C. § 105(a) "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."

**6.** While it may be the law of the Fifth Circuit that 11 U.S.C. § 108(c) does not toll the priority periods in 11 U.S.C. § 507(a)(8)(A), courts in the Fifth Circuit accord IRS priority status by utilizing 11 U.S.C. § 105. *See, In re Ramos,* 208 B.R. 655 (W.D.Texas 1996).

**7.** *See, In re Taylor,* 81 F.3d 20 (3d Cir.1996); *In re Montoya,* 965 F.2d 554 (7th Cir.1992); *In re Waugh,* 109 F.3d 489 (8th Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 80, 139

L.Ed.2d 38 (1997); *In re West,* 5 F.3d 423 (9th Cir.1993), *cert. denied,* 511 U.S. 1081, 114 S.Ct. 1830, 128 L.Ed.2d 459 (1994); *In re Richards,* 994 F.2d 763 (10th Cir.1993). With the exception of the 10th Circuit, an interpretation of § 108(c) that makes it inclusive of bankruptcy code provisions serves as the basis for tolling the "lookback" provisions of § 507(a)(8)(A). The 10th Circuit in *Richards* relies on § 105.

**8.** *In re Bowling,* 147 B.R. 383, 384–385 (Bankr.E.D.Va.1992). *In re Shabazz,* 206 B.R. 116, 125–126 (Bankr.E.D.Va.1996). *In re Darden,* 202 B.R. 715, 716 (Bankr.E.D.Va. 1996). All these cases find the requisite statutory authority in 11 U.S.C. § 108(c).

**9.** In this case the Debtors did not use the same process to attempt a bypass of the nondischargeability provision but this does not lessen the applicability of the *Ramos* rationale.

amounts of $184.00 and $5,350.76, respectively, be, and it hereby is **DENIED**, and the Internal Revenue Service is entitled to the priority status set forth in 11 U.S.C. § 507(a)(8)(A) in this Chapter 13 proceeding for the years 1993 and 1994, and it is

**FURTHER ORDERED:**

That the claims of the Internal Revenue Service for federal income tax liability for 1995 in the amount of $7,289.00, for 1996 in the amount of $1,447.00, and for 1997 in the amount of $354.00, be, and they hereby are **ALLOWED** as claims pursuant to 11 U.S.C. § 507(a)(8)(A).

Copies of this order are directed to be mailed to Michael D. Hart, Esquire, P.O. Box 622, Roanoke, Virginia, 24004, counsel for the debtors; and to Angelo Frattarelli, Esquire, Tax Division, U.S. Department of Justice, P.O. Box 227, Ben Franklin Station, Washington, D.C. 20044, counsel for the Internal Revenue.