**In re David Luke FIELS and Joanne Aleia Fiels, Debtors.**

**No. 00–19543–DK.**

United States Bankruptcy Court,
D. Maryland.

April 3, 2001.

---

John K. Nilan, Marilyn J. Brasier, O'Malley, Miles, Nylen & Gilmore, Calverton, MD, for debtors.

Charles H. Keene, Trial Attorney, Tax Division, United States Department of Justice, Stephen M. Schenning, United States Attorney, Washington, DC, Morton A. Faller, Rockville, MD, for creditors.

Thomas L. Lackey, Bowie, MD, Chapter 13 Trustee.

## MEMORANDUM OF DECISION

DUNCAN W. KEIR, Bankruptcy Judge.

### Background

David Luke Fiels and Joanne Aleia Fiels ("Debtors") filed a voluntary petition under Chapter 13 on September 5, 2000. The Internal Revenue Service ("IRS") filed a claim for unpaid 1995 and 1996 federal income taxes, designating $11,046.56 of the total claim as an unsecured priority claim under 11 U.S.C. § 507(a)(8).

The Debtors objected to the priority claim of the IRS contending that the tax liabilities at issue were too old to qualify for priority treatment as more than three years had passed since such returns were last due. The United States of America ("United States"), on behalf of the IRS, defended the priority claim by arguing that the three-year priority period provided in 11 U.S.C. § 507(a)(8)(A)(i) was tolled because the Debtors had filled a prior Chapter 13 case on April 18, 1997, which was later dismissed on December 9, 1999.[1] In defense of its priority claim status, the Government made several arguments relying upon various sections of Bankruptcy Code. In sum, the United States contended that the Bankruptcy Code gives the IRS three years to collect an unpaid tax. Because the Debtors filed a previous case, the IRS's collection efforts were stayed pursuant to 11 U.S.C. § 362(a) during the pendency of that case. Accordingly, it would be unfair to debit the Government for the time the Debtors were afforded protection under the Bankruptcy Code. In reply, the Debtors asserted that there is no statutory basis for suspending the 11 U.S.C. § 507(a)(8)(A)(i) period.

### Analysis

■ The Bankruptcy Code provides to a debtor a safe harbor from creditors under 11 U.S.C. § 362(a), the automatic stay provision. Section § 362(a)(6) prohibits creditors from collecting, assessing or recover-

---

1. *In re Fiels,* No. 97–14263–DK (Bankr.D.Md. 1997).

ing a claim that arose against a debtor prior to the filing of the bankruptcy case. The claim of the IRS in this case for 1995 and 1996 federal income taxes was a pre-petition claim in Debtors' 1997 bankruptcy case—*i.e.*, the liability arose before that bankruptcy petition was filed. Upon the filing of the Debtors' first petition in bankruptcy, on April 18, 1997, the automatic stay precluded the IRS from collecting the 1995 and 1996 liabilities. Upon dismissal of the case, the IRS was again free to pursue collection.

Section 507 of the Bankruptcy Code sets forth a list of claims entitled to priority treatment.[2] Specifically, 11 U.S.C. § 507(a)(8)(A)(i) provides:

(a) The following expenses and claims have priority in the following order:

(8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition[.]

Unless the three years is extended by the amount of time that the IRS was stayed from collecting pursuant to 11 U.S.C. § 362(a) in the prior bankruptcy case, the claim for 1995 and 1996 federal income

taxes would not be afforded priority treatment under 11 U.S.C. § 507(a)(8)(A)(i).[3] However, the Bankruptcy Code does not specifically provide for tolling of the time period established by 11 U.S.C. § 507(a)(8)(A)(i) where the opportunity to collect has been stayed in a prior bankruptcy case.[4]

The United States Supreme Court stated in *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 240–41, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989), that "[t]here generally is no need for a court to inquire beyond the plain language of the statute." Applying this principle to the subject case would end the court's inquiry as the plain language of the Bankruptcy Code does not provide for tolling of the priority period of 11 U.S.C. § 507(a)(8)(A)(i). However, the Supreme Court further stated that:

The plain meaning of legislation should be conclusive, except in the "rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." *Ron Pair Enterprises, Inc.*, 489 U.S. at 242, 109 S.Ct. 1026 (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982)).

Most of the courts that have explored this issue acknowledge that the plain language of the Bankruptcy Code does not permit

---

**2.** The classification of the tax claim is determinative as to its required treatment in a plan of rehabilitation. Section 1322(a)(2) of the Bankruptcy Code requires that a Chapter 13 plan provide for full payment of all claims entitled to priority under 11 U.S.C. § 507, unless the claimant agrees to some other treatment.

**3.** Federal income tax returns for the 1995 and 1996 periods would have been last due on April 15, 1996 and April 15, 1997, respectively. According to the United States, the Debt-

ors were granted an extension to file their federal income tax returns to August 15, 1996 and August 15, 1997, respectively. Without suspending the three-year period while the Debtors were in the prior bankruptcy case, the 1995 and 1996 federal income tax liabilities would have lost priority status on August 16, 1999 and August 16, 2000, respectively.

**4.** The court will not address the tolling of the period set forth in 11 U.S.C. § 507(a)(8)(A)(ii), but the court's reasoning is equally applicable.

tolling of the priority period; nonetheless, for various reasons, including the recognition that literal application of 11 U.S.C. § 507(a)(8) to a serial filing situation would produce absurd results, the courts have found that a debtor's prior bankruptcy case does suspend the running of the period.

A majority of the jurisdictions addressing the issue, including the United States Courts of Appeals for the First, Third, Seventh, Eighth, Ninth and Tenth Circuits, have found that the priority period is automatically tolled during the time that the IRS is precluded from collecting because of the automatic stay.[5] The United States Courts of Appeals for the Fifth, Sixth and Eleventh Circuits permit tolling only after considering the equities on a case-by-case basis.[6] The United States Court of Appeals for the Fourth Circuit has not addressed the issue.[7]

This court adopts the majority of the courts' conclusion providing an automatic tolling of the periods set forth in Section 507(a)(8).

Courts have analyzed the issue differently in support of the same conclusion. Some of the courts explore and/or rely upon the applicability of 11 U.S.C. § 108(c), read in conjunction with 26

---

**5.** *Young v. United States (In re Young),* 233 F.3d 56, 60 (1st Cir.2000) (finding that automatic tolling preserves for the government the benefit of a full three years to assess and collect); *In re Taylor,* 81 F.3d 20, 24–25 (3d Cir.1996) (finding that reading 11 U.S.C. § 507, 11 U.S.C. § 108(c) and 26 U.S.C. § 6503(h) together evidences a Congressional concern to preserve the collection of tax claims and that Congress intended to provide the government with a full three years to collect); *Montoya v. United States (In re Montoya),* 965 F.2d 554, 556–58 (7th Cir.1992) (reading 11 U.S.C. § 507(a)(8), 11 U.S.C. § 108(c) and 26 U.S.C. § 6503(h) together to permit tolling); *Waugh v. IRS (In re Waugh),* 109 F.3d 489, 493 (8th Cir.1997) (holding 11 U.S.C. § 507(a)(8)(A)(i) is suspended by 11 U.S.C. § 108(c) and 26 U.S.C. § 6503(b) and (h)); *West v. United States (In re West),* 5 F.3d 423, 426 (9th Cir.1993) (relying upon the clearly-expressed purpose of the Bankruptcy Code of providing the IRS with a specific period of time within which to collect); *United States v. Richards (In re Richards),* 994 F.2d 763, 765 (10th Cir.1993) (holding that 11 U.S.C. § 105(a) is broad enough to permit the court to suspend the priority period).

**6.** *Morgan v. United States (In re Morgan),* 182 F.3d 775 (11th Cir.1999); *Palmer v. United States (In re Palmer),* 219 F.3d 580 (6th Cir. 2000); *Quenzer v. United States (In re Quenzer),* 19 F.3d 163 (5th Cir.1993).

**7.** Several courts within the circuit have decided the issue. *See generally, In re Shabazz,* 206 B.R. 116, 126 (Bankr.E.D.Va.1996), *aff'd,* 1997 WL 593863 (1997) (acknowledging disagreement among courts deciding the issue, but agreeing with the majority view that both the three-year and 240–day periods are suspended during a prior bankruptcy case); *In re Barton,* 236 B.R. 613, 615 (Bankr.W.D.Va. 1999) (finding that 11 U.S.C. § 105(a) provides sufficient statutory authority for suspending the 11 U.S.C. § 507(a)(8)(A) priority period); *In re Little,* 216 B.R. 769, 772 (Bankr.E.D.N.C.1997) (holding that the court may not use its equitable powers to rule in a manner contrary to an unambiguous statute); *In re Averett,* 1997 WL 1038199 (Bankr. E.D.N.C.1997) (citing to *In re Little* and finding that the 240–day period was not tolled during a prior bankruptcy case); *In re Darden,* 202 B.R. 715, 717 (Bankr.E.D.Va.1996) (finding that 11 U.S.C. § 507(a)(8) is suspended during the pendency of a prior bankruptcy case); *In re Bowling,* 147 B.R. 383, 385 (Bankr.E.D.Va.1992) (concluding that the three-year period is suspended during a prior bankruptcy case).

No court within the District of Maryland has published a decision on the tolling issue; however, in *Lichter v. IRS (In re Lichter),* No. 98–5010–SD (Bankr.D.Md.2000), the court found, in an unpublished decision, that the 11 U.S.C. § 507(a)(8) priority period is tolled during the pendency of a prior bankruptcy case relying upon the majority conclusion as expressed in *Waugh v. IRS (In re Waugh),* 109 F.3d 489 (8th Cir.1997).

U.S .C. § 6503.[8] Section 108(c) of Title 11 tolls the running of nonbankruptcy law periods of limitations while a debtor is in bankruptcy and protected by the automatic stay.[9] Internal Revenue Code § 6503(h) addresses the suspension of the limitations period for assessment and collection of tax while a debtor is in bankruptcy.[10]

Section 108(c) specifically addresses "nonbankruptcy" law and would not expressly toll a section of the Bankruptcy Code. Further, 11 U.S.C. § 108(c) tolls periods of limitations. Section 507(a) is not a statute of limitations, but rather it is section of the Bankruptcy Code setting forth the priorities of certain claims and expenses. Nonetheless, the court acknowledges that 11 U.S.C. § 108(c) does reveal Congress' concern about the potential inequitable results that serial bankruptcy filings would have on nonbankruptcy causes of action against a debtor. Further, although 26 U.S.C. § 6503(h) does not govern a claim's eligibility for priority status, the court agrees with those courts finding that Congress clearly recognized the need to suspend the run-

**8.** The United States Court of Appeals for the Third Circuit relied upon 11 U.S.C. § 108(c) and 26 U.S.C. § 6503(h) in holding that: "[w]e deem it obvious that these sections, read together, evidence a congressional concern to preserve the collectability of tax claims." *In re Taylor*, 81 F.3d *at* 24. The United States Court of Appeals for the Seventh Circuit stated that the tolling provision of 26 U.S.C. § 6503 was applicable in a bankruptcy case by 11 U.S.C. § 108(c), which "implicitly incorporates the limitations period of § 6503 by preserving nonbankruptcy statutes of limitations which have not yet expired." *Montoya v. United States (In re Montoya)*, 965 F.2d at 557–58. The United States Court of Appeals for the Eighth Circuit also concluded that the priority period was suspended by 11 U.S.C. § 108(c) and 26 U.S.C. § 6503(b) and (h) and supported its finding by review of the legislative history, asserting that Congress intended 11 U.S.C. § 108(c) and 26 U.S.C. § 6503(b) and (h) to suspend the time period established by 11 U.S.C. § 507(a)(8)(A)(i). *Waugh v. IRS (In re Waugh)*, 109 F.3d at 493. The United States Court of Appeals for the Ninth Circuit concluded that the priority period is automatically tolled by 11 U.S.C. § 108(c) and 26 U.S.C. § 6503(h) and that those statutory sections reflect a policy determination by Congress that allowing the priority period to run while a debtor's assets are protected by the bankruptcy court would be unfair. *West v. United States (In re West)*, 5 F.3d at 426. The United States Court of Appeals for the First Circuit did not explain the reasoning for its conclusion that the priority period was suspended during a prior bankruptcy case, but stated that it followed the majority view that the priority period was automatically tolled in order to preserve for the government a full three years to assess and collect taxes. *Young v. United States (In re Young)*, 233 F.3d at 60.

**9.** Section 108(c) of Title 11 provides:

(c) Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—
(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
(2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

**10.** Section 6503(h) of Title 26 provides:

(h) Cases under title 11 of the United States Code.—The running of the period of limitations provided in section 6501 or 6502 on the making of assessments or collection shall, in a case under title 11 of the United States Code, be suspended for the period during which the Secretary is prohibited by reason of such case from making the assessment or from collecting and—
(1) for assessment, 60 days thereafter, and
(2) for collection, 6 months thereafter.

ning of the period of limitations for assessment and collection in 26 U.S.C. § 6503(h) during the time when the Secretary of Treasury is prohibited from collecting because of a bankruptcy filing.

These statutes, when read together with 11 U.S.C. § 507(a)(8), persuade the court that Congress intended that a governmental unit shall have the benefit of the prescribed periods in both the Bankruptcy Code and the Internal Revenue Code. In its opinion in *United States v. Richards (In re Richards)*, 994 F.2d 763, 765 (10th Cir.1993), the United States Court of Appeals for the Tenth Circuit reasoned that:

> [C]ongress intended to give the government the benefit of certain time periods to pursue its collection efforts. By suspending the 240–day period during Richards' first bankruptcy, the Bankruptcy Court ensured that the government was not deprived of the full benefit of the 240 days within which it could pursue its post-assessment collection remedies. This use of the equitable authority in 11 U.S.C. § 105(a) is not inconsistent with any specific provision of the Bankruptcy Code, and, in our view, is consistent with the underlying philosophy of the Bankruptcy Code. *Id. at* 765.[11]

The Tenth Circuit opined that tolling the priority period fulfills Congress' intent to ensure the government certain time periods to collect unpaid taxes while preventing a debtor from avoiding the payment of a priority tax claim by filing serial cases. *United States v. Richards (In re Richards)*, 994 F.2d at 765.

This court agrees with the Tenth Circuit's analysis and holding that the exercise of the court's equitable powers, as provided by 11 U.S.C. § 105(a), under these circumstances is not inconsistent with more specific provisions of the Bankruptcy Code. The Bankruptcy Code specifically grants the government priority for certain delinquent income tax claims. Section 507(a)(8)(A)(i) of Title 11 unequivocally states that governmental units are entitled to such priority if a return was last due three years or less before the bankruptcy petition date. The statute gives governmental units three years to collect unpaid tax or to hold a priority claim in a bankruptcy filed within that time. This result should not change because a debtor filed serial cases.

■ This court respectfully disagrees with those decisions [12] that hold that the periods in 11 U.S.C. § 507(a)(8) may be tolled on a "case by case" basis. This court's holding derives from Congress' intent and is not dependent upon the vagaries of a debtor's intent or other factual circumstances.

Accordingly, for the reasons stated above, the court finds that the priority period of 11 U.S.C. § 507(a)(8)(A)(i) was suspended during the pendency of the automatic stay in Debtors' prior Chapter 13 case; therefore, the priority claim for federal income taxes in the amount of $11,046.56 is allowed.

An appropriate order will be entered.

---

**11.** Section 105(a) of Title 11 provides:

(a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court

from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

**12.** *See supra* note 6.